UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICIA A. GRANT,<br><br>        Plaintiff,<br><br>   v.<br><br>CLAUDIO GABRIEL ALPEROVICH, et al.,<br><br>        Defendants. | Case No.  C12-1045RSL<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT HORI'S MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on "Defendant Michael K. Hori, M.D.'s Motion for Summary Judgment Dismissal."  Dkt. # 50.  Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact that would preclude the entry of judgment as a matter of law.  L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012).  The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of the materials in the record that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)(1)).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to identify specific factual disputes that

ORDER GRANTING IN PART DEFENDANT HORI'S
MOTION FOR SUMMARY JUDGMENT - 1

must be resolved at trial. Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1059 (9th Cir. 2012). The mere existence of a scintilla of evidence in support of the non-moving party's position will not preclude summary judgment, however, unless a reasonable jury viewing the evidence in the light most favorable to the non-moving party could return a verdict in its favor. United States v. Arango, 670 F.3d 988, 992 (9th Cir. 2012).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:[1]

## II. DISCUSSION

**A. Background Facts**

In June 2009, Plaintiff underwent gastric bypass surgery. Dkt. # 50-1 at 10. Shortly after her surgery, Plaintiff was treated for an esophageal yeast infection with two prescription antifungal medications. Id. at 7, 10. In the following six weeks, Plaintiff sought care for nausea, vomiting, and abdominal pain several times. Id. at 10. She made several trips to the emergency room and was admitted at St. Francis Hospital for treatment related to these symptoms. Id. at 4. Even though an endoscopy revealed no indication of an ongoing esophageal yeast infection, Plaintiff remained concerned that this yeast infection was causing her pain. Id. at 7-8, 10.

---

[1] After Defendant filed his reply memorandum, Plaintiff filed a "Reply to Defendant Michael K. Hori M.D.'s Motion to Dismiss Reply." Dkt. # 99. Defendant filed a surreply seeking to strike Plaintiff's 18-page memorandum, attached declaration and exhibits because Plaintiff did not comply with Local Civil Rule 7(g), which governs the procedure for filing a surreply, and her submission contains additional argument rather than a request to strike. Dkt. # 102. Because Defendant first moved for dismissal of Plaintiff's Age Discrimination Act claim in his reply brief due to the timing of Plaintiff's third amended complaint as described below, the Court accepts Plaintiff's surreply to the extent it responds to Defendant's arguments regarding that claim only. The Court therefore GRANTS IN PART Defendant's motion to strike (Dkt. # 102) and STRIKES the portion of Plaintiff's surreply that goes beyond the scope of her Age Discrimination Act claim.

ORDER GRANTING IN PART DEFENDANT HORI'S
MOTION FOR SUMMARY JUDGMENT - 2

After Plaintiff was hospitalized a second time with complaints of nausea and vomiting, the surgeon who performed the gastric bypass, Defendant Dr. Claudio Alperovich, asked Dr. Hori to provide an infectious disease consultation. Id. at 10. Dr. Hori performed a physical examination of Plaintiff on August 2, 2009. Id. at 11. During his exam, he noted the presence of a hematoma, but found no signs of an infection. Id. at 10. Nevertheless, Dr. Hori recommended blood and urine tests to rule out any possibility of infection. Id. In his report, Dr. Hori explained that even though there were no signs of an ongoing infection, "the patient is thoroughly convinced that this is the case, and a rational discussion could not dissuade her at this point, and I doubt it ever will." Id. Dr. Hori examined Plaintiff again two days later and concluded that there was no evidence of an invasive infection, but an infection could not be ruled out definitively. Id. at 13. Based on this conclusion, he prescribed additional antifungal medicine.

**B. Procedural History**

On June 15, 2012, Plaintiff sued Dr. Hori and the other named defendants for negligence and medical malpractice in King County Superior Court. Dkt. # 53-1 at 4-14. The state court granted Dr. Hori's motion for summary judgment on November 9, 2012. Dkt. # 50-1 at 15-16.

Plaintiff filed this lawsuit against defendants the same day that she filed her state court action. Dkt. # 1. On February 21, 2013, all but two defendants filed dispositive motions in this case. Dkt. # 50; Dkt. # 53, Dkt. # 54, Dkt. # 55, Dkt. # 59, Dkt. # 61. Recognizing that "[r]esponding to six dispositive motions on the same day would be a daunting task for a licensed attorney, much less a plaintiff appearing pro se," the Court granted Plaintiff's request for additional time in which to respond to the motions and renoted defendants' dispositive motions. Dkt. # 82.

One week after defendants filed their dispositive motions, Plaintiff sought leave to file a third amended complaint. Dkt. # 62. In her third amended complaint, Plaintiff asserts that defendants violated (1) Title II and Title III of the Americans with Disabilities Act ("ADA"); (2) Title II, Title VI, and Title XI of the Civil Rights Act; (3) the Age Discrimination Act of 1975; (4) the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and (5) the Mental Health Bill of Rights, 42 U.S.C. § 9501. Id. at 3-4. Under the liberal pleading standard afforded pro se plaintiffs, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Plaintiff's third amended complaint also appears to assert claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, as well as claims of libel, slander, defamation, and health care fraud. Dkt. # 62. The Court granted Plaintiff's motion to amend in part, accepting Plaintiff's third amended complaint as the operative pleading, but dismissing the claim asserted under the Mental Health Bill of Rights. Dkt. # 92 at 2-3.

**C. Civil Rights Act**

Defendant argues that Plaintiff's claim under 42 U.S.C. § 1983 must be dismissed because there is no evidence of state action. Dkt. # 50 at 7. The Court agrees. To prevail on a §1983 claim Plaintiff must show that she suffered a violation of rights protected by the Constitution or created by federal statute and that the violation was proximately caused by a person acting under color of state law. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff has not shown that Dr. Hori was acting under color of state law when he treated her in August 2009 and therefore any claim against him arising under § 1983 against him fails as a matter of law.

Defendant also claims that there are no genuine issues of material fact regarding Plaintiff's § 1985 claim and therefore summary judgment is warranted. To succeed on a claim under 42 U.S.C. § 1985(3), Plaintiff must prove (1) conspiracy, (2) for the

ORDER GRANTING IN PART DEFENDANT HORI'S
MOTION FOR SUMMARY JUDGMENT - 4

purpose of depriving her of the equal protection of the laws or equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) an injury to her or her property or a deprivation of any right or privilege of a citizen of the United States. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992). The second element requires that Plaintiff show that the deprivation of a legally protected right was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind conspirators' action." Id. (quoting Griffith v. Breckenridge, 403 U.S. 88, 102 (1971)).

Plaintiff has not responded to Defendant's arguments regarding her § 1985 claim. Based on its review of the record, the Court finds no evidence indicating "an agreement or meeting of the minds," Ward v. E.E.O.C., 719 F.2d 311, 314 (9th Cir. 1983) or supporting Plaintiff's theory that Dr. Hori was motivated by discriminatory animus, Sever, 978 F.2d at 1536. The Court therefore GRANTS Defendant's motion for summary dismissal of Plaintiff's § 1985 claim.[2]

**D. ADA**

Plaintiff contends that Dr. Hori failed to accommodate her communication needs and denied her the right to be involved in her treatment in violation of Titles II and III of the ADA. Defendant argues that there is no evidence that Plaintiff was denied medical treatment, access to medical facilities, or an accommodation, or that any such denial was based on a disability. Dkt. # 50 at 10.

Title II of the ADA prohibits discrimination in programs offered by a public entity and discrimination by any such entity. 42 U.S.C. § 12132 ("no qualified individual with a disability shall, by reason of such disability, be excluded from

---

[2] Although Defendant moved for summary dismissal of all of Plaintiff's claims as they were alleged in her second amended complaint, Defendant has not moved for summary judgment on Plaintiff's claims under 42 U.S.C. §§ 2000a, 2000d, or 2000h, which Plaintiff identified in the third amended complaint filed after Defendant's motion for summary judgment. See Dkt. # 62 at 3. Defendant may file a motion seeking dismissal of these claims.

ORDER GRANTING IN PART DEFENDANT HORI'S
MOTION FOR SUMMARY JUDGMENT - 5

participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."). To succeed on a claim under Title II, Plaintiff must demonstrate that (1) she is a qualified individual with a disability, (2) she was excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity, and (3) the exclusion, denial of benefits, or discrimination was by reason of her disability. Weinrich v. L.A. Cnty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).

Similarly, Title III prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To establish a prima facie case of discrimination under Title III, Plaintiff must show (1) she has a disability, (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation, and (3) she was denied public accommodations by Defendant because of her disability. Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).

Even assuming that Plaintiff is a qualified individual with a disability, Plaintiff has not shown that she was denied the benefits of a public entity's services (Title II) or public accommodations by a private entity (Title III) by reason of her disability. Although somewhat unclear, Plaintiff's claim appears to be based on her allegation that Dr. Hori did not tell her he was actually conducting a psychological examination of her, and he did not ensure that she understood his findings related to her mental and emotional state. Dkt. # 93 at 15.

To support this allegation, Plaintiff points to the statement in Dr. Hori's consultation report that "[the patient] is convinced that this is related to some form of yeast infection. . . the patient is thoroughly convinced that this is the case, and rational

ORDER GRANTING IN PART DEFENDANT HORI'S
MOTION FOR SUMMARY JUDGMENT - 6

discussion could not dissuade her at this point, and I doubt it ever will." Dkt. # 50-1 at 10. Contrary to Plaintiff's characterization, Dr. Hori's impression of Plaintiff does not support her contention that Dr. Hori performed a psychological analysis of Plaintiff without her knowledge. Id. at 10-11.  There is no suggestion in the record that Dr. Hori provided anything more or less than an infectious disease consultation to determine the cause of her ongoing nausea and vomiting.  Rather, the evidence indicates that Dr. Hori examined Plaintiff's physical symptoms, discussed her concerns with her, and recommended additional testing and treatment targeting Plaintiff's ongoing nausea and pain.  Id.  In the absence of evidence supporting Plaintiff's allegations, the Court is not persuaded by Plaintiff's conclusory accusations.  See British Airways Bd. v. Boeing Co., 585 F.2d 946, 954-55 (9th Cir. 1978).  Furthermore, there is no indication that any denial of communication or accommodation was based on Plaintiff's alleged disability.  Plaintiff has not provided even a scintilla of evidence supporting her claim that she was discriminated against on the basis of disability.  Because there are no genuine issues of material fact regarding Dr. Hori's treatment of Plaintiff, the Court GRANTS Defendant's motion for summary judgment on Plaintiff's ADA claims.

**E.  Age Discrimination Act of 1975**

The Age Discrimination Act of 1975 provides that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102.  The Act contains an administrative exhaustion requirement. Id. § 6104(e)(2).  To exhaust her administrative remedies, Plaintiff was required to file a complaint with the United States Department of Education, Office for Civil Rights ("OCR"), within 180 days from the date she first became aware of the discrimination. 34 C.F.R. § 110.3; 34 C.F.R. § 110.31(a).  Plaintiff could then file a complaint in federal district court if, 180 days after filing her complaint, OCR had not

ORDER GRANTING IN PART DEFENDANT HORI'S
MOTION FOR SUMMARY JUDGMENT - 7

made a finding or OCR issued a finding in favor of the recipient of funds. 34 C.F.R. § 110.39(a).

Defendant contends that Plaintiff's claim must be dismissed because she has not exhausted her administrative remedies. Dkt. # 95 at 7-9.[3] Plaintiff responds that she filed a complaint with the U.S. Department of Health and Human Services, Office for Civil Rights ("HHS"). Dkt. # 99 at 14 (citing Dkt. # 98-2 at 11, 13-14). Although Plaintiff presents evidence that she did in fact file a complaint with HHS, this evidence indicates that she failed to file her complaint within the 180 day time limit set by the regulations and she did not file it with the proper agency. Dkt. # 98-2 at 11, 13-4. Furthermore, there is no indication that Plaintiff gave notice to the Secretary of Health and Human Services, the United States Attorney General, or Dr. Hori at least 30 days prior to filing her this action as required by the statute. 42 U.S.C. § 6104(e)(1); see 34 C.F.R. § 110.39(b)(3)(iii). Because there is nothing in the record that suggests that Plaintiff has complied with the notice or exhaustion requirements set forth in the statute and implementing regulations, her claim under the Act is dismissed with prejudice.

**F. HIPAA**

Dr. Hori argues that Plaintiff's HIPAA claim must be dismissed because HIPAA does not provide a cause of action for a private litigant. Dkt. # 50 at 11-12. This Court agrees. Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) ("HIPAA itself does not provide for a private right of action") (citing 65 Fed. Reg. 82601 (Dec. 28, 2000)). Because HIPAA provides no private right of action, the Court GRANTS Dr. Hori's motion for summary dismissal of Plaintiff's HIPAA claim.

---

[3] Defendant first requested dismissal of Plaintiff's Age Discrimination Act claim in his reply memorandum. Dkt. # 95 at 7. However, because Plaintiff filed an amended complaint adding this claim after Dr. Hori filed his motion for summary judgment and Plaintiff responded to Dr. Hori's arguments in her surreply, which the Court has considered, dkt. # 99, the Court finds Dr. Hori's request for dismissal ripe for consideration.

ORDER GRANTING IN PART DEFENDANT HORI'S
MOTION FOR SUMMARY JUDGMENT - 8

**G. Defamation, Libel and Slander**

In both her second amended complaint and her third amended complaint, Plaintiff makes fleeting references to defamation, libel, and slander, Dkt. # 15 at 2, 4-5; Dkt. # 62 at 5. In seeking dismissal of these claims, Defendant argues that the Court should decline to exercise supplemental jurisdiction over these claims after dismissal of Plaintiff's federal claims.

In any civil action where a district court has original jurisdiction, the district court has supplemental jurisdiction over all other claims that form part of the same case or controversy. 28 U.S.C. § 1367(a). If the federal claims are dismissed before trial, the state law claims "should" be dismissed. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

As the Court noted earlier, Defendant has not yet sought dismissal of Plaintiff's claims under Titles II, VI, and XI of the Civil Rights Act. See Dkt. # 62; Dkt. # 50. Because the Court has not dismissed all claims over which it has original jurisdiction, the Court DENIES Defendant's motion for summary dismissal of Plaintiff's state law claims.

**H. Health Care Fraud**

Finally, Defendant seeks summary dismissal of Plaintiff's claim under 18 U.S.C. § 1349 because that statute does not provide a private cause of action. Dkt. # 50 at 12. The federal health care fraud statute imposes criminal penalties on persons who knowingly and willfully execute a scheme to defraud a health care benefit program, 18 U.S.C. § 1347, and 18 U.S.C. § 1349 imposes the same penalties on persons who attempt or conspire to commit health care fraud, id. § 1349. Because neither 18 U.S.C.

ORDER GRANTING IN PART DEFENDANT HORI'S
MOTION FOR SUMMARY JUDGMENT - 9

§ 1347 or 18 U.S.C. § 1349 provides a private right of action, Plaintiff's claim that Defendant committed health care fraud fails as a matter of law.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant Michael Hori's motion for summary judgment (Dkt. # 50). Plaintiff's claims against Dr. Hori arising under 42 U.S.C. § 1983, 42 U.S.C. § 1985, the ADA, the Age Discrimination Act of 1975, and HIPAA are dismissed with prejudice. Plaintiff's libel, slander, and defamation claims as well as her claims arising under Titles II, VI, and XI of the Civil Rights Act remain.

DATED this 10th day of December, 2013.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT HORI'S
MOTION FOR SUMMARY JUDGMENT - 10