1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

12

13

14

15

PATRICIA A. GRANT,

                    Plaintiff,

        v.

CLAUDIO GABRIEL ALPEROVICH, et
al.,

                    Defendants.

Case No.  C12-1045RSL

ORDER GRANTING
DEFENDANTS PACIFIC
MEDICAL CENTER'S,
OSWALD'S,
KRISHNAMURTHY'S,
LUDWIG'S, AND U.S.
FAMILY HEALTH PLAN'S
MOTION FOR SUMMARY
JUDGMENT

16

## I.  INTRODUCTION

17

18

19

20

21

22

23

24

25

        This matter comes before the Court on "Defendants Pacific Medical Center, Inc.,
Lisa Oswald, Shoba Krishnamurthy, WM. Richard Ludwig, and U.S. Family Health
Plan at Pacific Medical Center's Motion for Summary Judgment" (Dkt. # 54).  Summary
judgment is appropriate when, viewing the facts in the light most favorable to the
nonmoving party, there is no genuine dispute as to any material fact that would preclude
the entry of judgment as a matter of law.  L.A. Printex Indus., Inc. v. Aeropostale, Inc.,
676 F.3d 841, 846 (9th Cir. 2012).  The party seeking summary dismissal of the case
"bears the initial responsibility of informing the district court of the basis for its
motion," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and identifying those

26

ORDER GRANTING PACMED DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 1

portions of the materials in the record that show the absence of a genuine issue of material fact, Fed. R. Civ. P. 56(c)(1).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to identify specific factual disputes that must be resolved at trial.  Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1059 (9th Cir. 2012).  The mere existence of a scintilla of evidence in support of the non-moving party's position will not preclude summary judgment, however, unless a reasonable jury viewing the evidence in the light most favorable to the non-moving party could return a verdict in its favor.  United States v. Arango, 670 F.3d 988, 992 (9th Cir. 2012).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:[1]

## II.  DISCUSSION

### A.  Background Facts

As a retired servicemember, Plaintiff was enrolled in U.S. Family Health Plan, ("USFHP"), a TRICARE health insurance provider for military servicemembers and their families.  USFHP is administered by Pacific Medical Centers ("PacMed") in Washington State.  Dkt. # 54-2 ¶¶ 2-3.  Defendant Wm. Richard Ludwig is the Medical Director of USFHP at PacMed.  Dkt. # 1-2 at 7-8; Dkt. # 58 ¶ 2.

In June 2009, Plaintiff underwent gastric bypass surgery without complication at St. Francis Hospital in Federal Way, Washington.  Dkt. # 1-1 at 10.  Even though

---

[1]In their reply, PacMed Defendants ask the Court to strike Exhibits 1-4 attached to Plaintiff's declaration because they contain hearsay and are not authenticated.  Dkt. # 115 at 11. Because the Court finds that the exhibits could be authenticated at trial, the Court DENIES PacMed Defendants' motion to strike.  Block v. City of L.A., 253 F.3d 410, 418-19 (9th Cir. 2001) (at summary judgment stage "a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.").

The Court GRANTS Plaintiff's unopposed motion for additional time to file surreply (Dkt. # 114).

ORDER GRANTING PACMED DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 2

neither St. Francis Hospital nor the doctor who performed the surgery were USFHP covered providers, USFHP paid for the surgery and related care.  Dkt. # 1-2 at 9; Dkt. # 54-2 ¶ 5.  Plaintiff's primary care physician, Defendant Lisa Oswald, a PacMed physician, remained informed throughout the process and helped oversee Plaintiff's post-operative care.  Id. at 6.

During the months following surgery, Plaintiff saw several doctors and was hospitalized for concerns related to dehydration, id., nausea, and vomiting, id. at 10.  She was treated for an oral yeast infection in early July 2009, but remained concerned that the infection was causing her nausea months later.  Dkt. # 50-1 at 4, 7.  An endoscopy in July 2009 revealed a hernia, but no evidence of an oral yeast infection.  Dkt. # 1-1 at 7.  Similarly, a CT scan revealed a hematoma and possible afferent loop syndrome, but there was no indication of leakage, obstruction, or infection.  Id. at 6, 7.

Despite Plaintiff's many hospitalizations and visits to the emergency room, her nausea and vomiting continued.  Dr. Oswald referred Plaintiff to Defendant Shoba Krishnamurthy, a PacMed gastroenterologist, for a consultation.  Dkt. # 1-2 at 1.  After reviewing her records and meeting with Plaintiff, Dr. Krishnamurthy recommended hospitalizing Plaintiff and performing another endoscopy and CT scan.  Id. at 3.  Plaintiff expressed an interest in being admitted to the Veterans Administration Hospital ("VA") and Dr. Krishnamurthy wrote a note reflecting her recommendations.  Id.  Dr. Krishnamurthy assured Plaintiff that she could continue to seek care at PacMed following discharge from the VA.  Id.  Plaintiff later decided to seek additional care at Virginia Mason Medical Center instead of the VA.  See id. at 5, 12-13, 16-21.

Plaintiff was still not satisfied with the treatment she had received so she sought additional treatment from Dr. Elliott Goodman, a surgeon in New York in the winter of

ORDER GRANTING PACMED DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 3

2010.  Dkt. # 58 ¶ 8.  After USFHP informed Plaintiff that it would not cover treatment by Dr. Goodman, Plaintiff withdrew her enrollment in the USFHP.  Id.

**B.  Procedural History**

On June 15, 2012, Plaintiff sued PacMed, Dr. Oswald, Dr. Krishnamurthy, Dr. Ludwig, and U.S. Family Health Plan at Pacific Medical Center (collectively "PacMed Defendants") and the other named defendants for negligence and medical malpractice in King County Superior Court.  Dkt. # 53-1 at 4-14.  The state court granted PacMed Defendants' motion for summary judgment on November 9, 2012.  Dkt. # 54-1 at 4-6.

Plaintiff filed this lawsuit against defendants the same day she filed her state court action.  Dkt. # 1.  On February 21, 2013, all but two defendants filed dispositive motions in this case.  Dkt. # 50; Dkt. # 53, Dkt. # 54, Dkt. # 55, Dkt. # 59, Dkt. # 61. Recognizing that "[r]esponding to six dispositive motions on the same day would be a daunting task for a licensed attorney, much less a plaintiff appearing pro se," the Court granted Plaintiff's request for additional time in which to respond to the motions and renoted defendants' dispositive motions.  Dkt. # 82.

One week after defendants filed their dispositive motions, Plaintiff sought leave to file a third amended complaint.  Dkt. # 62.  In her third amended complaint, Plaintiff asserts that defendants violated (1) Title II and Title III of the Americans with Disabilities Act ("ADA"); (2) Title II, Title VI, and Title XI of the Civil Rights Act; (3) the Age Discrimination Act of 1975; (4) the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and (5) the Mental Health Bill of Rights, 42 U.S.C. § 9501.  Id. at 3-4.  Under the liberal pleading standard afforded pro se plaintiffs, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Plaintiff's third amended complaint also appears to assert claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, as well as claims of libel, slander, defamation, and health care fraud.  Dkt. # 62.  The Court granted

ORDER GRANTING PACMED DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 4

Plaintiff's motion to amend in part, accepting Plaintiff's third amended complaint as the operative pleading, but dismissing the claim asserted under the Mental Health Bill of Rights.  Dkt. # 92 at 2-3.[2]

**C.  Plaintiff's Request for Continuance**

As a preliminary matter, in both her opposition and surreply Plaintiff presents vague requests to deny PacMed Defendants' summary judgment motion to allow her to conduct "discovery investigations" for trial.  See Dkt. # 110 at 1-2, 7, 13-14; Dkt. # 120 at 1, 3-4, 10-11.  The Court interprets these references as requests to continue summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure ("Rule 56(d)").

Rule 56(d) allows a party opposing a motion for summary judgment to request a continuance to conduct additional discovery to support the opposition.  Fed. R. Civ. P. 56(d).  However, "[a] party requesting a continuance pursuant to Rule 56([d]) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment.").  Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).  "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists and that it would prevent summary judgment.  Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1996) (internal citations omitted).  Plaintiff has not met this burden.

Plaintiff's references to additional discovery shed little light on the nature of the evidence sought, whether the evidence exists, or whether the evidence would be sufficient to defeat summary judgment.  For example, Plaintiff asks the Court to

---

[2] Because Plaintiff filed her third amended complaint after PacMed Defendants filed their motion for summary judgment, PacMed Defendants raise arguments seeking dismissal of certain claims for the first time in their reply.  The Court usually declines to consider arguments first raised in reply, however, because Plaintiff responded to these arguments in her surreply, dkt. # 120, the Court finds Defendants' arguments for dismissal ripe for consideration.

"GRANT Plaintiff discovery investigations, identification of further defendants and preparation for trial against all PacMed Defendants."  Dkt. # 110 at 2.  This request, without more, fails to inform the Court of the specific information Plaintiff seeks and whether additional discovery would prevent summary judgment.  The only specific evidence identified by Plaintiff is evidence regarding whether USFHP or TRICARE paid for her gastric bypass surgery, and whether Dr. Krishnamurthy committed health care fraud.  See id. at 3, 7.  However, as explained below, this evidence would not prevent summary judgment.  The Court therefore DENIES Plaintiff's requests to continue to allow to conduct discovery.

**D.  Civil Rights Act**

**1.  42 U.S.C. § 1983**

To establish a §1983 claim Plaintiff must show (1) the deprivation of a right protected by the Constitution or a federal statute, and (2) that the deprivation was committed by a person acting under color of state law.  Chudacoff v. Univ. Med. Center of S. Nevada, 649 F.3d 1143, 1149 (9th Cir. 2011).  PacMed Defendants contend that Plaintiff's claims under 42 U.S.C. § 1983 must be dismissed because she cannot establish the requisite state action.  Dkt. # 54 at 5.

Plaintiff has not responded to PacMed Defendants' argument and the Court, having conducted its own review, agrees with PacMed Defendants.  It is undisputed that PacMed is a private, non-profit hospital and there is no evidence in the record suggesting state action.  Similarly, the individual PacMed Defendants are PacMed employees and there is nothing that suggests that they or USFHP are state actors for purposes of § 1983.  To the extent that Plaintiff asserts claims under § 1983 against PacMed Defendants they fail as a matter of law.

**2.  42 U.S.C. § 1985**

Defendants also argue that the undisputed facts do not support a finding that any of the PacMed Defendants were involved in a conspiracy to deprive Plaintiff of a federal right, and therefore they are entitled to summary judgment on Plaintiff's § 1985 claims. Dkt. # 54 at 7.  To succeed on a claim under 42 U.S.C. § 1985(3), Plaintiff must prove (1) conspiracy, (2) for the purpose of depriving her of the equal protection of the laws or equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) an injury to her or her property or a deprivation of any right or privilege of a citizen of the United States.  Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

Although Plaintiff argues generally that PacMed Defendants, and the other named defendants, together pursued "placation treatment," nothing in the record suggests the existence of "an agreement or meeting of the minds" to violate Plaintiff's constitutional rights.  Ward v. E.E.O.C., 719 F.2d 311, 314 (9th Cir. 1983). Furthermore, the record is completely devoid of any hint that PacMed Defendants' treatment, or lack thereof as Plaintiff alleges, was motivated by racial or other class-based discriminatory animus.  Sever, 978 F.2d at 1536.  Plaintiff's failure to point to any facts probative of a conspiracy or discriminatory animus entitles PacMed Defendants to summary judgment.

### 3.  42 U.S.C. § 2000a.

Plaintiff alleges that PacMed Defendants violated Title II of the Civil Rights Act, which provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."  42 U.S.C. § 2000a(a).  As an initial matter, Title II does not prohibit discrimination on the basis of age, gender, or

ORDER GRANTING PACMED DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 7

1   disability.  Thus, Plaintiff's claims are dismissed to the extent that they are based on

2   those classifications.

3       With respect to Plaintiff's claim that PacMed Defendants denied her equal

4   enjoyment of medical care based on her race, Plaintiff has not made the requisite

5   showing.  Plaintiff argues that PacMed Defendants "denied Plaintiff medical treatment,

6   falsified antidepressants as smooth throat muscles relaxants, denied Plaintiff's continued

7   request for medical records review, informed Plaintiff that she had to seek outside

8   source to review her medical records. . . [and] denied Plaintiff corrective surgery."  Dkt.

9   # 9 at 12.  Even if the Court assumes the truth of these factual allegations, Plaintiff has

10  still has not shown that PacMed Defendants treated her differently and that such

11  differential treatment was because of her race.  The Court therefore GRANTS PacMed

    Defendants' motion for summary judgment on her Title II claims.

12      **4.  42 U.S.C. § 2000d**

13      Title VI of the Civil Rights Act provides that "[n]o person in the United States

14  shall, on the ground of race, color, or national origin, be excluded from participation in,

15  be denied benefits of, or be subjected to discrimination under any program or activity

16  receiving Federal financial assistance."  42 U.S.C. § 2000d.  A private individual may

17  sue to enforce Title VI only in instances of intentional discrimination.  <u>Alexander v.</u>

18  <u>Sandoval</u>, 532 U.S. 275, 281 (2001).

19      Plaintiff's claims under Title VI, like her claims under Title II, cannot survive

20  summary judgment because she has failed to present evidence that PacMed Defendants'

21  conduct was racially motivated or constitutes intentional discrimination.  Plaintiff's

22  allegations of intentional discrimination on the basis of her race may be sufficient to

23  survive a motion to dismiss.  However, on a motion for summary judgment, bare

24  allegations unsupported by legally competent evidence do not create a genuine issue of

25  material fact.  <u>See</u> <u>British Airways Bd. v. Boeing Co.</u>, 585 F.2d 946, 953-54 (9th Cir.

26  ORDER GRANTING PACMED DEFENDANTS'
    MOTION FOR SUMMARY JUDGMENT - 8

1978) (supposition, speculation, and conclusory arguments without evidence are insufficient to create a genuine issue of material fact).  Plaintiff's Title VI claims are therefore DISMISSED with prejudice.

### 5.  42 U.S.C. § 2000h

In her third amended complaint, Plaintiff asserts a claim under Title XI of the Civil Rights Act.  Title XI, however, contains miscellaneous provisions related to, among other things, criminal contempt proceedings arising under the Civil Rights Act and preemption.  42 U.S.C. §§ 2000h, 2000h-4.  Plaintiff has not articulated or shown the existence of any facts involving criminal contempt and thus, the Court finds dismissal of Plaintiff's Title XI claim appropriate.

## E.  ADA

Plaintiff alleges that PacMed Defendants denied her medical treatment and communication on the basis of her mental health disability in violation of Titles II and III of the ADA.  Dkt. # 110 at 14.  PacMed Defendants argue that there is no evidence that Plaintiff was denied medical treatment, access to medical facilities, or an accommodation, or that any such denial was based on a disability.  Dkt. # 54 at 9.

Title II of the ADA prohibits discrimination in programs offered by a public entity and discrimination by any such entity.  42 U.S.C. § 12132 ("no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.").  To succeed on a claim under Title II, Plaintiff must demonstrate that (1) she is a qualified individual with a disability, (2) she was excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity, and (3) the exclusion, denial of benefits, or discrimination was by reason

ORDER GRANTING PACMED DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 9

1    of her disability.  <u>Weinrich v. L.A. Cnty. Metro. Transp. Auth.</u>, 114 F.3d 976, 978 (9th

2    Cir. 1997).

3           Similarly, Title III prohibits discrimination "on the basis of disability in the full

4    and equal enjoyment of the goods, services, facilities, privileges, advantages, or

5    accommodations of any place of public accommodation by any person who owns, leases

6    (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  To

7    establish a prima facie case of discrimination under Title III, Plaintiff must show (1) she

8    has a disability, (2) Defendant is a private entity that owns, leases, or operates a place of

9    public accommodation, and (3) she was denied public accommodations by Defendant

     because of her disability.  <u>Molski v. M.J. Cable, Inc.</u>, 481 F.3d 724, 730 (9th Cir. 2007).

10          Assuming that Plaintiff is a qualified individual with a disability, Plaintiff has not

11   shown that she was denied the benefits of a public entity's services (Title II) or public

12   accommodations by a private entity (Title III) by reason of her disability.  Although

13   somewhat unclear, Plaintiff's claims appear to be premised on PacMed Defendants'

14   alleged failure to provide corrective surgery to address her ongoing nausea and

15   vomiting, and their failure to provide an independent review of all of her medical

16   records.  Dkt. # 110 at 4-5, 7-9.

17          To the extent Plaintiff's claims are based on her disagreement with Dr. Oswald's,

18   Dr. Krishnamurthy's and PacMed's medical treatment decisions, the Court finds that

19   these claims fail as a matter of law.  Several courts have distinguished between ADA

20   claims based on inadequate care and claims based on discriminatory medical care.

21   <u>Burger v. Bloomberg</u>, 418 F.3d 882, 883 (8th Cir. 2005) ("a lawsuit under the Rehab

22   Act or the Americans with Disabilities Act (ADA) cannot be based on medical treatment

23   decisions."); <u>Fitzgerald v. Corrections Corp. of America</u>, 403 F.3d 1134 (10th Cir. 2005)

24   ("These are the sort of purely medical decisions that we have held do not ordinarily fall

25   within the scope of the ADA or the Rehabilitation Act."); <u>Bryant v. Madigan</u>, 84 F.3d

26   ORDER GRANTING PACMED DEFENDANTS'
     MOTION FOR SUMMARY JUDGMENT - 10

246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Here, the essence of Plaintiff's claims is that PacMed Defendants were negligent and failed to provide appropriate care for her ongoing symptoms. Because these allegations sound in medical malpractice rather than discrimination, the Court finds that they fail as a matter of law.

With respect to Plaintiff's claims that Dr. Ludwig and USFHP failed to provide an independent review of her medical records, the Court finds that Plaintiff has failed to create a genuine issue of material fact precluding summary judgment. Although Plaintiff asserts that these defendants denied her requests for a medical records review, nothing in the record suggests that these decisions were based on her alleged mental illness or any other disability. The limited evidence in the record supports a finding that USFHP does not perform that service for any of its members. See Dkt. # 1-2 at 7-8. Moreover, Dr. Ludwig explained to Plaintiff that she could contact the medical group to which the surgeon who performed her bypass surgery belonged and he provided the contact information for that group. Id. Absent evidence that PacMed Defendants denied Plaintiff services or accommodations based on a disability, the Court GRANTS PacMed Defendants' motion for summary judgment with respect to Plaintiff's ADA claims.

**F. Age Discrimination Act of 1975**

The Age Discrimination Act of 1975 provides that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. The Act contains an administrative exhaustion requirement. Id. § 6104(e)(2). To exhaust her administrative remedies, Plaintiff was required to file a complaint with the United States Department of Education, Office for Civil Rights ("OCR"), within 180 days from the date she first became aware of the

ORDER GRANTING PACMED DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 11

discrimination.  34 C.F.R. § 110.3; 34 C.F.R. § 110.31(a).  Plaintiff could then file a complaint in federal district court if, 180 days after filing her complaint OCR had not made a finding or OCR issued a finding in favor of the recipient of funds.  34 C.F.R. § 110.39(a).

PacMed Defendants argue that Plaintiff's claims must be dismissed because she has not exhausted her administrative remedies.  See Dkt. # 115 at 8 (adopting arguments raised by co-defendants Dr. Hori and St. Francis Hospital regarding exhaustion).  In response, Plaintiff directs the Court to her arguments in opposition to Dr. Hori's and St. Francis Hospital's motions for summary judgment and her declaration filed in support of her opposition to St. Francis Hospital's motion for summary judgment.  Dkt. # 120 at 9-10.

Plaintiff argues that she contacted the U.S. Department of Health and Human Services, Office for Civil Rights ("HHS").  Id.  Although Plaintiff presents evidence that she did in fact file a complaint with HHS, dkt. # 98-2 at 11, 13-14, this evidence indicates that she failed to file her complaint within the 180 day time limit set by the regulations and she did not file it with the proper agency.  Dkt. # 98-2 at 11, 13-4.  Furthermore, there is no indication that Plaintiff gave notice to the Secretary of Health and Human Services, the United States Attorney General, or PacMed Defendants at least 30 days prior to filing her this action as required by the statute.  42 U.S.C. § 6104(e)(1); see 34 C.F.R. § 110.39(b)(3)(iii).  Because there is nothing in the record that suggests that Plaintiff has complied with the notice or exhaustion requirements set forth in the statute and implementing regulations, her claims under the Age Discrimination Act is dismissed with prejudice.

**G.  HIPAA**

PacMed Defendants argue that Plaintiff's HIPAA claims must be dismissed because HIPAA does not provide a cause of action for a private litigant.  Dkt. # 50 at

ORDER GRANTING PACMED DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 12

11-12.  The Court agrees.  <u>Webb v. Smart Document Solutions, LLC</u>, 499 F.3d 1078, 1082 (9th Cir. 2007) ("HIPAA itself does not provide for a private right of action") (citing 65 Fed. Reg. 82601 (Dec. 28, 2000)).  Because HIPAA provides no private right of action, the Court GRANTS PacMed Defendants' motion for summary dismissal of Plaintiff's HIPAA claims.[3]

**H.  Health Care Fraud**

PacMed Defendants seek summary dismissal of Plaintiff's claims under 18 U.S.C. § 1349 because that statute does not provide a private cause of action.  Dkt. # 50 at 12.  The federal health care fraud statute imposes criminal penalties on persons who knowingly and willfully execute a scheme to defraud a health care benefit program, 18 U.S.C. § 1347, and 18 U.S.C. § 1349 imposes the same penalties on persons who attempt or conspire to commit health care fraud, <u>id.</u> § 1349.  Because neither 18 U.S.C. § 1347 or 18 U.S.C. § 1349 provides a private right of action, Plaintiff's claims that PacMed Defendants committed health care fraud fail as a matter of law.

**I.  Defamation, Libel and Slander**

In both her second amended complaint and her third amended complaint, Plaintiff makes fleeting references to defamation, libel, and slander,  Dkt. # 15 at 2, 4-5; Dkt. # 62 at 5.  PacMed Defendants argue that the Court should decline to exercise supplemental jurisdiction over these claims after dismissal of Plaintiff's federal claims. <u>See</u> Dkt. # 54 at 13.

In any civil action where a district court has original jurisdiction, the district court has supplemental jurisdiction over all other claims that form part of the same case or

_____

[3]Plaintiff's argument that she relies on HIPAA merely to establish the standard of care for PacMed Defendants' negligence, dkt. # 110 at 17, is not persuasive.  Plaintiff has not asserted any negligence claims in this action (nor is it likely that she could successfully assert such claims because they would likely be barred by the doctrine of res judicata, which precludes litigation in a subsequent action of any claims that were raised or could have been raised in a prior action).

ORDER GRANTING PACMED DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 13

controversy.  28 U.S.C. § 1367(a).  If the federal claims are dismissed before trial, the state law claims "should" be dismissed.  <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966).  The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988).

Because the Court has dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  <u>Ove v. Gwinn</u>, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction.") (internal quotation marks and citations omitted).  Plaintiff's defamation, libel, and slander claims are therefore dismissed without prejudice.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS PacMed Defendants' motion for summary judgment (Dkt. # 54).  Plaintiff's federal claims against Defendants PacMed, Dr. Oswald, Dr. Krishnamurthy, Dr. Ludwig, and USFHP are dismissed with prejudice.  Plaintiff's libel, slander, and defamation claims are dismissed without prejudice.

DATED this 11th day of December, 2013.

Robert S. Lasnik
United States District Judge

ORDER GRANTING PACMED DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 14