1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICIA A. GRANT,                    )        No. C12-1045RSL
                                      )
                    Plaintiff,        )
                                      )
          v.                          )
                                      )        ORDER DENYING DEFENDANT
CLAUDIO GABRIEL ALPEROVICH, *et al.,* )        DR. MICHELE PULLING'S MOTION
                                      )        TO DISMISS
                                      )
                    Defendants.       )
                                      )

          This matter comes before the Court on "Defendant Dr. Michele Pulling's Motion

to Dismiss" (Dkt. # 61).  Dr. Pulling requests that the Court dismiss plaintiff's cause of action

against her for lack of personal jurisdiction and failure to properly serve a summons and

complaint on her within 120 days of filing her complaint.  Id.  For the reasons set forth below,

the Court DENIES Defendant Dr. Michele Pulling's motion to dismiss.[1]

_____

[1] The Court GRANTS Ms. Grant's unopposed motion for additional time to file surreply (Dkt. #
129).  The Court has considered "Plaintiff's to Notice of Intent to File Surreply Pursuant to LCR
7(d)(2)(A) Motion for Extension of Deadline Michele Pulling's Reply in Support of in Support of
Motion to Dismiss" (Dkt. # 129) and "Plaintiff's Declaration Surreply Pursuant to LCR 7(g) on
Defendant Michele Pulling M.D. Motion to Dismiss" (Dkt. # 137).  Although plaintiff's declaration
contains an exhibit entitled "declaration of service," the declaration is not signed by the designated
process server, Joanna Hull.  Therefore, this declaration is insufficient to demonstrate that service has
been accomplished.

ORDER DENYING DEFENDANT DR. MICHELE
PULLING'S MOTION TO DISMISS

1
**BACKGROUND**

2        The complaint in the above-captioned matter was filed on June 15, 2012.  Dkt. #

3 1.  Patricia Grant, the pro se plaintiff, filed an action against Dr. Michele Pulling ("defendant"),

4 among others, for violations of the Americans with Disabilities Act and the Civil Rights Act.

5 Dkt. # 62 at 11.  On June 20, 2012, Ms. Grant mailed a copy of the summons and complaint to

6 Gina Marble, whom Ms. Grant describes as an agent for defendant.  Dkt. # 74 at 3.  Ms. Grant

7 maintains that Gina Marble is an employee and agent of Pacific Medical Centers, where Dr.

8 Pulling worked, and where she received medical care.  Id.

9

10
**DISCUSSION**

11    **A.      Service of process and personal jurisdiction.**

12        Dr. Pulling asks the Court to dismiss pro se plaintiff Patricia Grant's cause of

13 action against her for insufficient service of process and lack of personal jurisdiction.  Dkt. # 61.

14 "Before a federal court may exercise personal jurisdiction over a defendant, the procedural

15 requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff

16 & Co., 484 U.S. 97, 104 (1987).  The plaintiff has the burden to prove sufficient service.  Wells

17 v. City of Portland, 102 F.R.D. 796, 799 (D. Or. 1984)("Contrary to the position taken by

18 plaintiff, it is the party on whose behalf service is made who has the burden of establishing its

19 validity.").  Service may be accomplished under Fed. R. Civ. P. 4(e) by (1) following state law

20 for serving a summons, (2) personally delivering a copy of the summons and complaint to the

21 individual, (3) delivering a copy of each to the individual's dwelling with someone of suitable

22 age and discretion, or (4) delivering a copy of each to an agent authorized by appointment or law

23 to receive service.  Dr. Pulling asserts that plaintiff has not served her with a summons or

24 complaint under any of the methods listed under Fed. R. Civ. P. 4(e).

25        Ms. Grant asserts that service was proper pursuant to state law.  Dkt. # 74 at 6.

26 Washington law provides that service must be made "to the defendant personally, or by leaving a

1   copy of the summons at the house of his or her usual abode with some person of suitable age and

2   discretion then resident therein." RCW 4.28.080(15).  In addition, RCW 4.28.080(16) provides:

3

4   > In lieu of service under subsection (15) of this section, where the person cannot with
    > reasonable diligence be served as described, the summons may be served as provided

5   > in this subsection, and shall be deemed complete on the tenth day after the required
    > mailing: By leaving a copy at his or her usual mailing address with a person of

6   > suitable age and discretion who is a resident, proprietor, or agent thereof, and by
    > thereafter mailing a copy by first-class mail, postage prepaid, to the person to be

7   > served at his or her usual mailing address. For the purposes of this subsection, "usual
    > mailing address" does not include a United States postal service post office box or the
    > person's place of employment.

8

9   Ms. Grant attempted to serve Dr. Pulling by mailing a copy of the complaint and summons to an

10  employee of Pacific Medical Centers, where Dr. Pulling is employed.  Dkt. # 75 Ex. 2.  Under

11  RCW 4.28.080(16), mailing of summons and complaint to the place of employment of the

12  person to be served is insufficient service.  To date, Dr. Pulling has not been served personally,

13  and she has not been served at the house of her usual abode.  Dkt. # 127.

14          Ms. Grant also relies on RCW 4.28.080(8) to argue that service was proper.  RCW

15  4.28.080(8) provides that service to an agent authorized by the company or corporation may

16  satisfy the service requirement.  However, RCW 4.28.080(8) provides the rule for proper service

17  on a company or corporation, not an individual.  Ms. Grant brings this lawsuit against Dr.

18  Pulling in her individual capacity.  Dkt. # 62 at 11.  Plaintiff's mailing of the summons and

19  complaint to Gina Marble, an employee at Pacific Medical Center, does not constitute service on

20  Dr. Pulling.  French v. Gabriel, 57 Wn. App. 217, 225 (1990)("[S]ervice is insufficient when

21  made upon an employee of a person to be served when no evidence is presented to show that the

22  person intended the employee to accept service on the person's behalf."), aff'd, 116 Wn.2d 584

23  (1991).  Ms. Grant has not served Dr. Pulling in accordance with Washington law as provided

24  for by Fed. R. Civ. P. 4(e)(1).

25          In addition, Gina Marble is not Dr. Pulling's agent under Fed. R. Civ. P.

26  4(e)(2)(C), which provides that an individual may be served by "delivering a copy of each to an

ORDER DENYING DEFENDANT DR. MICHELE
PULLING'S MOTION TO DISMISS          -3-

agent authorized by appointment or by law to receive service of process." To date, service of the summons and complaint has not been made on Dr. Pulling. Dkt. # 127 at 2.

**B.     Fed. R. Civ. P. 4(m)**

Dr. Pulling also requests that the Court dismiss the action because service of the summons and complaint was not completed within 120 days of the filing of the complaint. Dkt. #61. Fed. R. Civ. P. 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Under this rule, the district court must dismiss an action if the defendant is not served with copies of the summons and complaint within 120 days after the filing of the complaint, unless the plaintiff can show good cause why service was not made. In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). Courts have recognized that "[a]t a minimum, 'good cause' means excusable neglect." Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir.1991). In determining whether a plaintiff has shown "good cause" for failing to serve a complaint within 120 days, a court must consider: (1) whether the party to be served received actual notice of the lawsuit; (2) the degree of prejudice to the defendant caused by the delay; and (3) whether the plaintiff would be severely prejudiced by the dismissal of her complaint. In re Sheehan, 253 F.3d at 512.

With regard to actual notice to the defendant, the first factor in determining "good cause," there is no question that the defendant received actual notice within 120 days of the filing of the complaint. The complaint was filed on June 15, 2012. Dkt. # 1. Five days later, Ms. Grant unsuccessfully attempted to serve defendant through defendant's employer, Pacific Medical Centers. Dkt. # 75 Ex. 2. Defense counsel subsequently entered a notice of appearance on August 22, 2012, 68 days after the complaint was filed. The Court finds that this factor weighs in favor of Ms. Grant.

1    Second, the Court must consider the degree of prejudice to the defendant caused

2   by the delay.  There is nothing to suggest that Dr. Pulling suffered any prejudice as a result of

3   the delay.  Dr. Pulling has not attempted to establish prejudice.  Rather, she argues that Ms.

4   Grant has failed to complete service, and has failed to show good cause for why service was not

5   completed in 120 days.  Dkt. # 61.  The Court finds that this second factor also weighs in favor

6   of Ms. Grant.

7    Finally, the Court considers whether Ms. Grant would be severely prejudiced by

8   the dismissal of her complaint.  Ms. Grant does not raise any concerns regarding prejudice.  <u>See</u>

9   Dkt. # 74 at 8.  The Court finds that this factor weighs in favor of Dr. Pulling, as Ms. Grant has

10  not demonstrated how the dismissal of her complaint would be severely prejudicial.  In the

11  absence of any prejudice to Dr. Pulling, however, requiring Ms. Grant to re-file her case would

12  serve no legitimate purpose other than to impress upon her the need to comply with the Federal

13  Rules of Civil Procedure.  The Court finds that Ms. Grant understands the importance of

14  complying with the rules and has made a good-faith effort to do so.  A balancing of the three

15  factors weighs in favor of a finding of good cause.  In this case, Dr. Pulling received actual

16  notice of the plaintiff's complaint against her and she has not provided the court with evidence

17  of any prejudice suffered as a result of the delay.  Accordingly, the Court will extend the

18  deadline for serving the summons and complaint until Friday, January 10, 2014.

19

20                                          **CONCLUSION**

21    For all the foregoing reasons, the Court DENIES defendant's motion to dismiss

22  (Dkt. # 61).  Plaintiff shall have until January, 10, 2014, to serve the summons and complaint on

23  Defendant in accordance with the Federal Rules of Civil Procedure.  Service shall be

24  accomplished on or before January 10, 2014, unless plaintiff shows good cause for the failure to

25  do so.

26

ORDER DENYING DEFENDANT DR. MICHELE
PULLING'S MOTION TO DISMISS                    -5-

1    Dated this 11th day of December, 2013.

2

3

4          _MR S Lasnik_

          Robert S. Lasnik

5          United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING DEFENDANT DR. MICHELE
PULLING'S MOTION TO DISMISS   -6-