UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICIA A. GRANT,

    Plaintiff,

v.

CLAUDIO GABRIEL ALPEROVICH, et al.,

    Defendants.

Case No. C12-1045RSL

ORDER GRANTING DEFENDANTS THIRLBY'S AND VIRGINIA MASON MEDICAL CENTER'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on defendants' "Motion for Summary Judgment of Dr. Thirlby and VMMC" (Dkt. # 59). Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact that would preclude the entry of judgment as a matter of law. L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012). The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and identifying those portions of the materials in the record that show the absence of a genuine issue of material fact, Fed. R. Civ. P. 56(c)(1). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-

moving party fails to identify specific factual disputes that must be resolved at trial. Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1059 (9th Cir. 2012). The mere existence of a scintilla of evidence in support of the non-moving party's position will not preclude summary judgment, however, unless a reasonable jury viewing the evidence in the light most favorable to the non-moving party could return a verdict in its favor. United States v. Arango, 670 F.3d 988, 992 (9th Cir. 2012).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:[1]

## II. DISCUSSION

**A. Background Facts**

In June 2009, Plaintiff underwent gastric bypass surgery without complication at St. Francis Hospital in Federal Way, Washington. Dkt. # 3-1 at 10. During the months following surgery, Plaintiff saw several doctors and was hospitalized for concerns related to dehydration, nausea, and vomiting. Id. She was treated for an oral yeast infection in early July 2009, but still remained concerned that the infection was causing her nausea weeks later. Dkt. # 50-1 at 4, 7. In July, an endoscopy revealed a hernia, but no evidence of an oral yeast infection. Dkt. # 3-1 at 7. Similarly, a CT scan showed a hematoma and signs of afferent loop syndrome, but no indication of leakage, obstruction, or infection. Id. at 6, 7.

Despite Plaintiff's many hospitalizations and visits to the emergency room, her nausea and vomiting continued. After seeing several different specialists and undergoing a variety of tests at Pacific Medical Centers ("PacMed") and St. Francis Hospital, Plaintiff's primary care physician at PacMed referred her to Virginia Mason

---

[1] The Court GRANTS Plaintiff's unopposed motion for additional time to file surreply (Dkt. # 126).

ORDER GRANTING DEFENDANTS THIRLBY'S AND VMMC'S
MOTION FOR SUMMARY JUDGMENT - 2

Medical Center ("VMMC")[2] for additional care. See Dkt. # 3-2 at 10; Dkt. # 123 at 3. She was hospitalized at VMMC in September 2009. See Dkt. # 3-2 at 16. Dr. Richard Thirlby, a VMMC bariatric surgeon, provided a consultation and suggested that there may be hematoma or leak causing Plaintiff's symptoms. Id. Plaintiff underwent another endoscopy and Dr. Drew Schembre, a VMMC gastroenterologist, noted that the endoscopy was, for the most part, normal. Dkt. # 123 at 3-4. He recommended conducting additional tests if her symptoms continued. Id.

Plaintiff returned to VMMC in early November 2009, concerned that her condition had worsened. Dkt. # 3-2 at 16. Dr. Schembre examined Plaintiff and recommended that she undergo a deep enteroscopy to determine whether there were any twists or obstructions at the site of her surgery. Id. at 17. He noted that Plaintiff's underlying psychological issues were likely contributing to her concerns and he recommended that mental health services become involved. Id. at 18.

Dr. Schembre performed the double balloon deep enteroscopy in early December 2009. Id. at 12. The test revealed a small obstruction, which Dr. Schembre noted may be causing Plaintiff's discomfort. However, he could not be certain that it was the source of her problems and he recommended additional investigation and perhaps exploratory surgery. Id. at 13. After the enteroscopy, Dr. Thirlby reviewed the results and Dr. Schembre's notes with Plaintiff. He explained that the results of the study did not show a "clear-cut surgical explanation for her symptoms," and as a result, he was reluctant to perform such a high-risk surgery at that time. Id. at 20. Instead, Dr. Thirlby recommended trying a nasal feeding tube to provide temporary relief. Id.

---

[2] Plaintiff identifies "Virginia Mason Health System" as a defendant. Based on Virginia Mason Medical Center's corporate disclosure statement, dkt. # 56, the Court finds that defendant's correct name is "Virginia Mason Medical Center."

ORDER GRANTING DEFENDANTS THIRLBY'S AND VMMC'S
MOTION FOR SUMMARY JUDGMENT - 3

In winter of 2010, Plaintiff was still experience discomfort and was not satisfied with the care she had received so she sought additional treatment from Dr. Elliott Goodman, a surgeon in New York. Dr. Goodman performed corrective surgery in February 2010. Id. at 3-5.

**B. Procedural History**

On June 15, 2012, Plaintiff sued Dr. Thirlby and VMMC (collectively "Defendants") and the other named defendants for negligence and medical malpractice in King County Superior Court. Dkt. # 60 at 5-16. The state court granted Defendants' motion for summary judgment on November 9, 2012. Dkt. # 60 at 18-19.

Plaintiff filed this lawsuit against defendants the same day she filed her state court action. Dkt. # 1. On February 21, 2013, all but two defendants filed dispositive motions in this case. Dkt. # 50; Dkt. # 53, Dkt. # 54, Dkt. # 55, Dkt. # 59, Dkt. # 61. Recognizing that "[r]esponding to six dispositive motions on the same day would be a daunting task for a licensed attorney, much less a plaintiff appearing pro se," the Court granted Plaintiff's request for additional time in which to respond to the motions and renoted defendants' dispositive motions. Dkt. # 82.

One week after defendants filed their dispositive motions, Plaintiff sought leave to file a third amended complaint. Dkt. # 62. In her third amended complaint, Plaintiff asserts that defendants violated (1) Title II and Title III of the Americans with Disabilities Act ("ADA"); (2) Title II, Title VI, and Title XI of the Civil Rights Act; (3) the Age Discrimination Act of 1975; (4) the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and (5) the Mental Health Bill of Rights, 42 U.S.C. § 9501. Id. at 3-4. Under the liberal pleading standard afforded pro se plaintiffs, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Plaintiff's third amended complaint also appears to assert claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, as well as claims of

ORDER GRANTING DEFENDANTS THIRLBY'S AND VMMC'S
MOTION FOR SUMMARY JUDGMENT - 4

libel, slander, defamation, and health care fraud. Dkt. # 62. The Court granted Plaintiff's motion to amend in part, accepting Plaintiff's third amended complaint as the operative pleading, but dismissing the claims asserted under the Mental Health Bill of Rights. Dkt. # 92 at 2-3.[3]

**C. Plaintiff's Requests for Continuance**

As a preliminary matter, in both her opposition and surreply Plaintiff presents vague requests to deny Defendants' summary judgment motion to allow her to conduct "discovery investigations" for trial. See Dkt. # 122 at 1, 2, 15, 16; Dkt. # 133 at 7, 10. The Court interprets these references as requests to continue summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure ("Rule 56(d)").

Rule 56(d) allows a party opposing a motion for summary judgment to request a continuance to conduct additional discovery to support her opposition. Fed. R. Civ. P. 56(d). However, "[a] party requesting a continuance pursuant to Rule 56([d]) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists and that it would prevent summary judgment." Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1996) (internal citations omitted). Plaintiff has not met this burden.

Plaintiff's references to additional discovery shed little light on the nature of the evidence sought, whether the evidence exists, or whether the evidence would be

---

[3] Because Plaintiff filed her third amended complaint after Defendants filed their motion for summary judgment, Defendants raise arguments seeking dismissal of certain claims for the first time in their reply. The Court usually declines to consider arguments first raised in reply, however, because Plaintiff anticipated these arguments in her opposition, dkt. # 122, and provided additional arguments in response in her surreply, dkt. # 133, the Court finds Defendants' requests for dismissal ripe for consideration.

ORDER GRANTING DEFENDANTS THIRLBY'S AND VMMC'S
MOTION FOR SUMMARY JUDGMENT - 5

sufficient to defeat summary judgment. For example, Plaintiff asks the Court to "GRANT Plaintiff discovery investigations, identification of further defendants and preparation for trial against VMMC and Codefendants." Dkt. # 122 at 2. This request, without more, fails to inform the Court of the specific information Plaintiff seeks and whether additional discovery would prevent summary judgment. The only specific evidence identified by Plaintiff is evidence reflecting "financial payments between PacMed and VMMC" to support her health care fraud claim. Id. at 16. However, as explained below, this evidence would not prevent summary judgment. The Court therefore DENIES Plaintiff's requests to continue summary judgment to allow her time to conduct discovery.

**D. Civil Rights Act**

    **1. 42 U.S.C. § 1983**

To establish a §1983 claim Plaintiff must show (1) the deprivation of a right protected by the Constitution or a federal statute, and (2) that the deprivation was committed by a person acting under color of state law. Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1149 (9th Cir. 2011). Defendants contend that Plaintiff's claims under 42 U.S.C. § 1983 must be dismissed because she cannot establish the requisite state action. Dkt. # 59 at 5-6.

Plaintiff has not responded to Defendants' argument and the Court, having conducted its own review, agrees with Defendants. It is undisputed that VMMC is a private, non-profit corporation and Dr. Thirlby is a VMMC employee, and there is no evidence in the record suggesting state action for purposes of § 1983. Therefore, Plaintiff's claims under § 1983 against Defendants fail as a matter of law and are DISMISSED.

## 2. 42 U.S.C. § 1985

Defendants also argue that it is undisputed that they were not involved in a conspiracy to deprive Plaintiff of a federal right, and they are therefore entitled to summary judgment on Plaintiff's § 1985 claims. Dkt. # 59 at 6-8. To succeed on a claim under 42 U.S.C. § 1985(3), Plaintiff must prove (1) conspiracy, (2) for the purpose of depriving her of the equal protection of the laws or equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) an injury to her or her property or a deprivation of any right or privilege of a citizen of the United States. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

Plaintiff contends that VMMC, Dr. Thirlby and PacMed were involved in a conspiracy, dkt. # 122 at 14, but she fails to present evidence suggesting the existence of "an agreement or meeting of the minds" to violate Plaintiff's constitutional rights. Ward v. E.E.O.C., 719 F.2d 311, 314 (9th Cir. 1983). Even if Plaintiff is correct that VMMC and PacMed have a contractual relationship, see dkt. # 122 at 14, the record is completely devoid of any hint that the purpose of this relationship is to deprive Plaintiff of equal rights and privileges, or that the relationship is motivated by racial or other class-based discriminatory animus. Sever, 978 F.2d at 1536. Plaintiff's assertion that Dr. Thirlby and VMMC denied Plaintiff medical treatment for the purpose of supporting PacMed's earlier medical findings is insufficient to create a genuine issue of material fact for trial.

## 3. 42 U.S.C. § 2000a.[4]

Plaintiff alleges that Defendants violated Title II of the Civil Rights Act, which provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the

---

[4]In their reply, Defendants adopt the arguments raised in PacMed's reply memorandum seeking dismissal of Plaintiff's claims under Titles II, VI, and XI of the Civil Rights Act of 1964. Dkt. # 124 at 4. Because Plaintiff has responded to these arguments, the Court finds these claims ripe for consideration.

ORDER GRANTING DEFENDANTS THIRLBY'S AND VMMC'S
MOTION FOR SUMMARY JUDGMENT - 7

goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). As an initial matter, Title II does not prohibit discrimination on the basis of age, gender, or disability. Thus, Plaintiff's claims are dismissed to the extent that they are based on those classifications.

With respect to Plaintiff's claim that Dr. Thirlby denied her corrective surgery based on his belief that Plaintiff had "Angry Black Women Syndrome," dkt. # 122 at 7, Plaintiff has not made the requisite showing to succeed on her claim of race discrimination. She claims that Dr. Thirlby's records reflect his decision to deny her care based on her race, but she has not identified any specific evidence to support her theory. Id. Contrary to Plaintiff's characterization of the evidence, there is nothing in the record that suggests that Dr. Thirlby or any other VMMC employee denied Plaintiff treatment (or any other privilege or accommodation) because of her race. Rather, the evidence supports a finding that Dr. Schembre and Dr. Thirlby made recommendations and treatment decisions based on their examinations of Plaintiff and her test results. Dkt. # 3-2 at 12-13, 16-21; Dkt. # 123 at 3-4. The Court therefore GRANTS Defendants' motion for summary judgment on Plaintiff's Title II claims.

**4. 42 U.S.C. § 2000d**

Title VI of the Civil Rights Act provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. A private individual may sue to enforce Title VI only in instances of intentional discrimination. Alexander v. Sandoval, 532 U.S. 275, 281 (2001).

Plaintiff's claims under Title VI, like her claims under Title II, cannot survive summary judgment because she has failed to present evidence that Defendants' conduct was racially motivated and that it constitutes intentional discrimination. Plaintiff's allegations of intentional discrimination on the basis of her race may be sufficient to survive a motion to dismiss. However, on a motion for summary judgment, bare allegations unsupported by legally competent evidence do not create a genuine issue of material fact. See British Airways Bd. v. Boeing Co., 585 F.2d 946, 953-54 (9th Cir. 1978) (supposition, speculation, and conclusory arguments without evidence are insufficient to create a genuine issue of material fact). Plaintiff's Title VI claims are therefore DISMISSED with prejudice.

### 5. 42 U.S.C. § 2000h

In her third amended complaint, Plaintiff asserts a claim under Title XI of the Civil Rights Act. Title XI, however, contains miscellaneous provisions related to, among other things, criminal contempt proceedings arising under the Civil Rights Act and preemption. 42 U.S.C. §§ 2000h, 2000h-4. Plaintiff has not articulated or shown the existence of any facts involving criminal contempt and thus, the Court finds dismissal of Plaintiff's Title XI claim appropriate.

### E. ADA

Plaintiff alleges that Defendants denied her medical treatment and communication on the basis of her mental health disability in violation of Titles II and III of the ADA. Dkt. # 122 at 10-11. Defendants argue that the undisputed evidence shows they provided extensive medical treatment and did not deny Plaintiff access to medical facilities or an accommodation. Dkt. # 59 at 8-10. Moreover, they contend that any alleged denial was not based on Plaintiff's alleged mental disability. Id.

Title II of the ADA prohibits discrimination in programs offered by a public entity and discrimination by any such entity. 42 U.S.C. § 12132 ("no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."). To succeed on a claim under Title II, Plaintiff must demonstrate that (1) she is a qualified individual with a disability, (2) she was excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity, and (3) the exclusion, denial of benefits, or discrimination was by reason of her disability. Weinrich v. L.A. Cnty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).

Similarly, Title III prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To establish a prima facie case of discrimination under Title III, Plaintiff must show (1) she has a disability, (2) Defendants are private entities that own, lease, or operate a place of public accommodation, and (3) she was denied public accommodations by Defendants because of her disability. Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).

Assuming that Plaintiff is a qualified individual with a disability, Plaintiff's claims cannot survive summary judgment because she has not shown that she was denied the benefits of a public entity's services (Title II) or public accommodations by a private entity (Title III) by reason of her disability. Although somewhat unclear, Plaintiff's claims appear to be premised on Defendants' failure to perform exploratory surgery as recommended by Dr. Schembre in the fall of 2009. Dkt. # 122 at 6, 8.

To the extent Plaintiff's claims are based on her disagreement with Defendants' medical treatment decisions, the Court finds that these claims fail as a matter of law. Several courts have distinguished between ADA claims based on inadequate care and claims based on discriminatory medical care. Burger v. Bloomberg, 418 F.3d 882, 883 (8th Cir. 2005) ("a lawsuit under the Rehab Act or the Americans with Disabilities Act (ADA) cannot be based on medical treatment decisions."); Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134 (10th Cir. 2005) ("These are the sort of purely medical decisions that we have held do not ordinarily fall within the scope of the ADA or the Rehabilitation Act."); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Here, the essence of Plaintiff's claims is that Defendants were negligent and failed to provide appropriate care for her ongoing symptoms. Because these allegations sound in medical malpractice rather than discrimination, the Court finds that they fail as a matter of law.

Where Plaintiff expressly argues that Dr. Thirlby declined to operate on her because of her mental health history, dkt. # 122 at 15, the Court finds that Plaintiff has failed to create a genuine issue of material fact sufficient to defeat summary judgment. Contrary to Plaintiff's characterization of Dr. Thirlby's consultation notes, dkt. # 122 at 15, her medical records do not suggest any discriminatory conduct. Rather, Dr. Thirlby's notes reveal that his decision not to perform exploratory surgery in December 2009 was based on the lack of a clear diagnosis and the high risk of the procedure, not her alleged mental health disability. Dkt. # 3-2 at 20-21. Absent evidence that Defendants denied Plaintiff necessary treatment or an accommodation because of disability, the Court finds no genuine issue of material fact and GRANTS Defendants' motion for summary judgment with respect to Plaintiff's ADA claims.

**F. Age Discrimination Act of 1975**

The Age Discrimination Act of 1975 provides that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. The Act contains an administrative exhaustion requirement. Id. § 6104(e)(2). To exhaust the administrative remedies, a claimant must file a complaint with the United States Department of Education, Office for Civil Rights ("OCR") within 180 days from the date she first becomes aware of the discrimination. 34 C.F.R. § 110.3; 34 C.F.R. § 110.31(a). If 180 days have passed since the claimant submitted her complaint and OCR has not made a finding or has issued a finding in favor the recipient of funds, the claimant may file a complaint in federal court. 34 C.F.R. § 110.39(a).

Defendants argue that Plaintiff's claims must be dismissed because she has not exhausted her administrative remedies. Dkt. # 124 at 5. In response, Plaintiff contends that she complied with the pre-filing requirements of the Age Discrimination Act by contacting the U.S. Department of Health and Human Services, Office for Civil Rights ("HHS") regarding her various civil rights claims. Dkt. # 122 at 12; Dkt. # 133 at 11. Even though Plaintiff did in fact file a complaint with HHS, dkt. # 98-2 at 11, 13-14, she failed to file it within the 180 day time limit set by the regulations and she failed to submit her complaint to the appropriate agency. Dkt. # 98-2 at 11, 13-4. Furthermore, there is no indication that Plaintiff gave notice to the Secretary of Health and Human Services, the United States Attorney General, or Defendants at least 30 days prior to filing her this action as required by the statute. 42 U.S.C. § 6104(e)(1); see 34 C.F.R. § 110.39(b)(3)(iii). Because there is nothing in the record that suggests that Plaintiff has complied with the notice or exhaustion requirements set forth in the statute and

implementing regulations, her claims under the Age Discrimination Act are dismissed with prejudice.

**G. HIPAA**

Defendants argue that Plaintiff's HIPAA claims must be dismissed because HIPAA does not provide a cause of action for a private litigant. Dkt. # 59 at 11. The Court agrees. Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) ("HIPAA itself does not provide for a private right of action") (citing 65 Fed. Reg. 82601 (Dec. 28, 2000)). Because HIPAA provides no private right of action, the Court GRANTS Defendants' motion for summary dismissal of Plaintiff's HIPAA claims.[5]

**H. Health Care Fraud**

Defendants seek summary dismissal of Plaintiff's health care fraud claims because the health care fraud statute does not provide a private cause of action. Dkt. # 59 at 11-13. 18 U.S.C. § 1347 imposes criminal penalties on persons who knowingly and willfully execute a scheme to defraud a health care benefit program and 18 U.S.C. § 1349 imposes the same penalties on persons who attempt or conspire to commit health care fraud. Because neither 18 U.S.C. § 1347 nor 18 U.S.C. § 1349 provides a private right of action, Plaintiff's claims regarding health care fraud fail as a matter of law.

**I. Defamation, Libel and Slander**

In both her second amended complaint and her third amended complaint, Plaintiff makes fleeting references to defamation, libel, and slander. Dkt. # 15 at 2, 4-5; Dkt. # 62 at 5. Defendants argue that the Court should decline to exercise supplemental

---

[5]Plaintiff's argument that HIPAA establishes the standard of care for Defendants' negligence, see dkt. # 122 at 15; dkt. # 133 at 8, is not persuasive. Plaintiff has not asserted any negligence claims in this action (nor is it likely that she could successfully do so because they would likely be barred by the doctrine of res judicata, which precludes litigation in a subsequent action of any claims that were raised or could have been raised in a prior action).

ORDER GRANTING DEFENDANTS THIRLBY'S AND VMMC'S
MOTION FOR SUMMARY JUDGMENT - 13

jurisdiction over these claims after dismissal of Plaintiff's federal claims. See Dkt. # 59 at 13.

In any civil action where a district court has original jurisdiction, the district court has supplemental jurisdiction over all other claims that form part of the same case or controversy. 28 U.S.C. § 1367(a). If the federal claims are dismissed before trial, the state law claims "should" be dismissed. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Because the Court has dismissed all of Plaintiff's federal claims against Defendants, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction.") (internal quotation marks and citations omitted). Plaintiff's defamation, libel, and slander claims are therefore dismissed without prejudice.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment (Dkt. # 59). Plaintiff's federal claims against Dr. Thirlby and VMMC are dismissed with prejudice. Plaintiff's libel, slander, and defamation claims are dismissed without prejudice.

DATED this 3rd day of January, 2014.

                                           /s/ Robert S. Lasnik
                                           Robert S. Lasnik
                                           United States District Judge