UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICIA A. GRANT,

    Plaintiff,

v.

CLAUDIO GABRIEL ALPEROVICH, et al.,

    Defendants.

Case No. C12-1045RSL

ORDER GRANTING IN PART DEFENDANT ST. FRANCIS HOSPITAL'S AND CLAUDIO ALPEROVICH'S MOTIONS FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on "Defendant St. Francis Hospital - Franciscan Health System's Motion for Summary Judgment of Dismissal" (Dkt. # 53) and "Motion for Summary Judgment of Defendant Claudio Gabriel Alperovich, M.D." (Dkt. # 55). Because Plaintiff seeks to hold St. Francis Hospital-Franciscan Health System ("St. Francis") vicariously liable for Dr. Claudio Alperovich's alleged misconduct, the Court considers both parties' motions in this Order.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact that would preclude the entry of judgment as a matter of law. L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012). The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the

basis for its motion," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and identifying those portions of the materials in the record that show the absence of a genuine issue of material fact, Fed. R. Civ. P. 56(c)(1). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to identify specific factual disputes that must be resolved at trial. Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1059 (9th Cir. 2012). The mere existence of a scintilla of evidence in support of the non-moving party's position will not preclude summary judgment, however, unless a reasonable jury viewing the evidence in the light most favorable to the non-moving party could return a verdict in its favor. United States v. Arango, 670 F.3d 988, 992 (9th Cir. 2012).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:[1]

## II. DISCUSSION

### A. Background Facts

Plaintiff first met Dr. Claudio Alperovich in March 2009, when he evaluated her for possible gastric bypass surgery. Dkt. # 55-2 at 2. Dr. Alperovich performed the surgery on Plaintiff on June 17, 2009, at St. Francis in Federal Way, Washington. Id. at 10-14. Although it is somewhat unclear who Dr. Alperovich's employer was at the time of Plaintiff's surgery, it is undisputed that Dr. Alperovich had surgical privileges at St. Francis. Shortly after surgery, Plaintiff was treated for an oral yeast infection and in July 2009, she was admitted to St. Francis due to complaints regarding nausea, vomiting, and dehydration. Id. at 18. An endoscopy revealed a hernia and inflammation, neither one of which was believed to be causing her nausea and vomiting. Id. at 21. There were no signs of leakage or obstruction related to her surgery. Id. CT

---

[1] The Court GRANTS Plaintiff's unopposed motions for additional time to file over-length surreply memoranda (Dkt. # 107, 119).

ORDER GRANTING IN PART ST. FRANCIS HOSPITAL'S AND
DR. ALPEROVICH'S MOTIONS FOR SUMMARY JUDGMENT - 2

scans and blood tests were normal, but Plaintiff still complained that she was unable to tolerate even water. Id. at 18.

Dr. Alperovich continued overseeing Plaintiff's post-operative care and recovery until September 2009. Dkt. # 50-1 at 7; Dkt. # 55-2 at 23. Despite seeking additional treatment from several other providers at other facilities, Plaintiff was still not satisfied with the care she received. In winter of 2010, she sought an evaluation from Dr. Elliott Goodman, a surgeon in New York. Dkt. # 1-1 at 14. Dr. Goodman performed corrective surgery to address Plaintiff's ongoing pain, nausea and vomiting in February 2010. Dkt. # 1-1 at 3-5.

**B. Procedural History**

On June 15, 2012, Plaintiff sued Dr. Alperovich and St. Francis (collectively "Defendants") and the other named defendants for negligence and medical malpractice in King County Superior Court. Dkt. # 55-2 at 33-43. Plaintiff's claims against Defendants were dismissed by the state court on November 9, 2012. Dkt. # 53-1 at 16-18, 20-22.

Plaintiff filed this lawsuit the same day she filed her state court action. Dkt. # 1. On February 21, 2013, all but two defendants filed dispositive motions in this case. Dkt. # 50; Dkt. # 53, Dkt. # 54, Dkt. # 55, Dkt. # 59, Dkt. # 61. Recognizing that "[r]esponding to six dispositive motions on the same day would be a daunting task for a licensed attorney, much less a plaintiff appearing pro se," the Court granted Plaintiff's request for additional time in which to respond to the motions and renoted defendants' dispositive motions. Dkt. # 82.

One week after defendants filed their dispositive motions, Plaintiff sought leave to file a third amended complaint. Dkt. # 62. In her third amended complaint, Plaintiff asserts that defendants violated (1) Title II and Title III of the Americans with

ORDER GRANTING IN PART ST. FRANCIS HOSPITAL'S AND
DR. ALPEROVICH'S MOTIONS FOR SUMMARY JUDGMENT - 3

Disabilities Act ("ADA"); (2) Title II, Title VI, and Title XI of the Civil Rights Act; (3) the Age Discrimination Act of 1975; (4) the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and (5) the Mental Health Bill of Rights, 42 U.S.C. § 9501. Id. at 3-4. Under the liberal pleading standard afforded pro se plaintiffs, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Plaintiff's third amended complaint also appears to assert claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, as well as claims of libel, slander, defamation, and health care fraud. Dkt. # 62. While Plaintiff's third amended complaint is not a model of clarity, Plaintiff appears to pursue her claims against St. Francis based on theories of both direct liability and vicarious liability for Dr. Alperovich's alleged misconduct. See id. at 15. The Court granted Plaintiff's motion to amend in part, accepting Plaintiff's third amended complaint as the operative pleading, but dismissing the claims asserted under the Mental Health Bill of Rights. Dkt. # 92 at 2-3.

**C. Plaintiff's Requests for Continuance**

As a preliminary matter, Plaintiff presents vague requests to deny Defendants' summary judgment motions to allow her to conduct "discovery investigations" for trial. See Dkt. # 113 at 3, 18; Dkt. # 97 at 10, 11, 15 . The Court interprets these references as requests to continue summary judgment proceedings pursuant to Rule 56(d) of the Federal Rules of Civil Procedure ("Rule 56(d)").

Rule 56(d) allows a party opposing a motion for summary judgment to request a continuance to conduct additional discovery to support the opposition. Fed. R. Civ. P. 56(d). However, "[a] party requesting a continuance pursuant to Rule 56([d]) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006). "The burden is on the party seeking

additional discovery to proffer sufficient facts to show that the evidence sought exists and that it would prevent summary judgment." Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1996) (internal citations omitted). Plaintiff has not met this burden.

Plaintiff's references to additional discovery shed no light on the nature of the evidence sought, whether the evidence exists, or whether the evidence would be sufficient to defeat summary judgment. For example, Plaintiff "requests the court to allow her opportunity to investigate and join other parties to this suit, and effectively amend her final complaint, after investigation and prior to trial." Dkt. # 116 at 3. This request, without more, fails to inform the Court of the specific information Plaintiff seeks and whether additional discovery would prevent summary judgment. The Court therefore DENIES Plaintiff's requests to continue to allow her time to pursue additional discovery.

**D. The Civil Rights Act**

**1. 42 U.S.C. § 1983**

To establish a §1983 claim Plaintiff must show (1) the deprivation of a right protected by the Constitution or a federal statute, and (2) that the deprivation was committed by a person acting under color of state law. Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1149 (9th Cir. 2011). Defendants contend that Plaintiff's claims under 42 U.S.C. § 1983 must be dismissed because she cannot establish the requisite state action. Dkt. # 53 at 6-7; Dkt. # 55 at 5.

Plaintiff has not responded to Defendants' arguments and the Court, having conducted its own review, agrees with Defendants. It is undisputed that St. Francis is a private hospital operated by Franciscan Health System, a private non-profit organization, and there is no evidence in the record suggesting state action. Similarly, Dr. Alperovich is a private medical care provider and there is nothing that suggests that

ORDER GRANTING IN PART ST. FRANCIS HOSPITAL'S AND
DR. ALPEROVICH'S MOTIONS FOR SUMMARY JUDGMENT - 5

he or St. Francis is a state actor for purposes of § 1983. To the extent that Plaintiff asserts claims under § 1983 against Defendants they fail as a matter of law.

## 2. 42 U.S.C. § 1985

Defendants also argue that the undisputed facts do not support a finding that they were involved in a conspiracy to deprive Plaintiff of a federal right, and therefore they are entitled to summary judgment on Plaintiff's § 1985 claims. Dkt. # 53 at 7; Dkt. # 55 at 6. To succeed on a claim under 42 U.S.C. § 1985(3), Plaintiff must prove (1) conspiracy, (2) for the purpose of depriving her of the equal protection of the laws or equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) an injury to her or her property or a deprivation of any right or privilege of a citizen of the United States. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

Plaintiff argues generally that "codefendants were following Alperovich's placation mental illness treatment plan."[2] Dkt. # 116 at 4. She asserts that "Alperovich diagnosed Plaintiff's continued diagnoses of thrush then establish a Placation medical treatment with his Codefendants Michael K. Hori, MD . . . and Trient Nguyen, MD." Id. at 12-13. However, these conclusory accusations cannot take the place of evidence. British Airways Bd. v. Boeing Co., 585 F.2d 946, 954-55 (9th Cir. 1978). Nothing in the record suggests the existence of "an agreement or meeting of the minds" to violate Plaintiff's constitutional rights. Ward v. E.E.O.C., 719 F.2d 311, 314 (9th Cir. 1983). Furthermore, the record is completely devoid of any hint that Defendants' treatment, or

---

[2] Plaintiff's allegations related to "placation mental illness treatment plan" and "placation medical treatment" appear to be premised on Dr. Alperovich's record following Plaintiff's admission to Valley Medical Center in August 2009. Dkt. # 3-1 at 11. Dr. Alperovich's notes indicate that despite the lack of symptoms supporting the existence of thrush, an esophageal yeast infection, Plaintiff remained convinced that she was suffering from an infection. Id. Based on Plaintiff's apparent commitment to that diagnosis, Dr. Alperovich decided to seek an infectious disease consultation "[i]n an effort to placate the patient. . . to see if there is (sic) any further studies I can do to try and elucidate whether in fact she does have an esophageal fungal infection or try and convince the patient otherwise." Id.

ORDER GRANTING IN PART ST. FRANCIS HOSPITAL'S AND
DR. ALPEROVICH'S MOTIONS FOR SUMMARY JUDGMENT - 6

lack thereof as Plaintiff alleges, was motivated by racial or other class-based discriminatory animus. <u>Sever</u>, 978 F.2d at 1536. Plaintiff's failure to point to any facts probative of a conspiracy or discriminatory animus entitles Defendants to summary judgment on this claim.[3]

**E. ADA**

Plaintiff alleges that Defendants denied her medical treatment and failed to communicate with her about her medical care in violation of Titles II and III of the ADA. Dkt. # 116 at 13; Dkt. # 97 at 12. Defendants argue that there is no evidence that Plaintiff was denied medical treatment, access to medical facilities or an accommodation, or that any alleged denial was based on a disability. Dkt. # 53 at 10; Dkt. # 55 at 8.

Title II of the ADA prohibits discrimination in programs offered by a public entity and discrimination by any such entity. 42 U.S.C. § 12132 ("no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."). To succeed on a claim under Title II, Plaintiff must demonstrate that (1) she is a qualified individual with a disability, (2) she was excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity, and (3) the exclusion, denial of benefits, or discrimination was by reason of her disability. <u>Weinrich v. L.A. Cnty. Metro. Transp. Auth.</u>, 114 F.3d 976, 978 (9th Cir. 1997).

---

[3] Although Defendants moved for summary dismissal of all of Plaintiff's claims as they were alleged in her second amended complaint, they have not sought dismissal of Plaintiff's claims under 42 U.S.C. §§ 2000a, 2000d, or 2000h, which Plaintiff identified in the third amended complaint filed after Defendants' motions for summary judgment. <u>See</u> Dkt. # 62 at 3. Defendants may file motions seeking summary dismissal of these claims.

ORDER GRANTING IN PART ST. FRANCIS HOSPITAL'S AND
DR. ALPEROVICH'S MOTIONS FOR SUMMARY JUDGMENT - 7

Similarly, Title III prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To establish a prima facie case of discrimination under Title III, Plaintiff must show (1) she has a disability, (2) Defendants are private entities that own, lease, or operate a place of public accommodation, and (3) she was denied public accommodations by Defendants because of her disability. Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).

Assuming that Plaintiff is a qualified individual with a disability, Plaintiff has not shown that she was denied the benefits of a public entity's services (Title II) or public accommodations by a private entity (Title III) by reason of her disability. Although somewhat unclear, Plaintiff's claims appear to be premised on Dr. Alperovich's failure to communicate properly with Plaintiff about her recovery and ongoing complaints of nausea and vomiting, and his failure to treat the hernia revealed during a post-surgery endoscopy. Dkt. # 97 at 12; Dkt. # 116 at 13. Plaintiff's primary concern is that Defendants did not provide adequate medical treatment following surgery.

To the extent Plaintiff's claims are based on her belief that Dr. Alperovich and St. Francis failed to provide effective treatment after her surgery, they fail as a matter of law. Several courts have distinguished between ADA claims based on inadequate care and claims based on discriminatory medical care. Burger v. Bloomberg, 418 F.3d 882, 883 (8th Cir. 2005) ("a lawsuit under the Rehab Act or the Americans with Disabilities Act (ADA) cannot be based on medical treatment decisions."); Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134 (10th Cir. 2005) ("These are the sort of purely medical decisions that we have held do not ordinarily fall within the scope of the ADA or the Rehabilitation Act."); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Here, the essence of Plaintiff's

ORDER GRANTING IN PART ST. FRANCIS HOSPITAL'S AND
DR. ALPEROVICH'S MOTIONS FOR SUMMARY JUDGMENT - 8

claims is that Defendants were negligent because they ignored her test results and did not perform the necessary corrective surgery. Dkt. # 116 at 13. Because these allegations sound in medical malpractice rather than discrimination, the Court finds that they fail as a matter of law.

With respect to Plaintiff's claims that Defendants failed to communicate with her and did not provide an accommodation that would enable her to participate in her treatment, the Court finds that Plaintiff has failed to create a genuine issue of material fact precluding summary judgment. Even though Plaintiff contends that Dr. Alperovich did not ensure that she understood her medical condition, dkt. # 116 at 13, and she argues that St. Francis's policies, procedures, and practices, supported this alleged discrimination based on her mental health, dkt. # 97 at 5, she fails to identify any evidence supporting these allegations. Nothing in the record suggests that Dr. Alperovich or any St. Francis employee failed to inform Plaintiff of her test results, or that they did so because of her alleged mental disability. Absent evidence that Defendants denied Plaintiff services or accommodations based on a disability, the Court finds no genuine issue of material fact remaining for trial and GRANTS Defendants' motions for summary judgment with respect to Plaintiff's ADA claims.

**F. Age Discrimination Act of 1975**

The Age Discrimination Act of 1975 provides that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. The Act contains an administrative exhaustion requirement. Id. § 6104(e)(2). To exhaust the administrative remedies, a claimant must file a complaint with the United States Department of Education, Office for Civil Rights ("OCR") within 180 days from the date she first becomes aware of the discrimination. 34 C.F.R. § 110.3; 34 C.F.R. § 110.31(a). If, 180 days after the claimant submitted her

complaint OCR has not yet made a finding or has issued a finding in favor the recipient of funds, the claimant may file a complaint in federal court. 34 C.F.R. § 110.39(a).

St. Francis argues that Plaintiff's claim must be dismissed because she has not exhausted her administrative remedies. See Dkt. # 106 at 9.[4] In response, Plaintiff argues that she submitted a complaint to the U.S. Department of Health and Human Services, Office for Civil Rights ("HHS") in April 2012. Dkt. # 97 at 13. Although she concedes that she did not file her complaint within the mandatory 180 day period, she argues that HHS told her she could still pursue her claim in court. Id. Regardless of what HHS may or may not have told Plaintiff regarding her right to file a lawsuit, the evidence submitted indicates that Plaintiff did not comply with the exhaustion requirements of the Age Discrimination Act. Dkt. # 98-2 at 11, 13-14. Because there is nothing in the record that suggests that Plaintiff has complied with the notice or exhaustion requirements set forth in the statute and implementing regulations, her Age Discrimination Act claim against St. Francis is dismissed with prejudice.

**G. HIPAA**

Defendants argue that Plaintiff's HIPAA claims must be dismissed because HIPAA does not provide a cause of action for a private litigant. Dkt. # 53 at 12; Dkt. # 55 at 10. The Court agrees. Webb v. Smart Document Solutions, LLC, 499 F.3d 1078,

---

[4]Although the Court usually declines to consider arguments first raised in reply, because Plaintiff added this claim after St. Francis filed its motion for summary judgment and Plaintiff anticipated these arguments in her opposition, dkt. # 97 at 9, 13, and had an opportunity to provide an additional response in her surreply, dkt. # 112, the Court finds St. Francis's arguments for dismissal ripe for consideration.

Unlike St. Francis, Dr. Alperovich did not seek dismissal of Plaintiff's age discrimination claim. See Dkt. # 118 at 2 (noting that Plaintiff's third amended complaint "did not add any new claims other than the 'mental health bill of rights' claim which has already been disposed of by this Court."). The Court therefore addresses only Plaintiff's age discrimination claim against St. Francis in this Order. Dr. Alperovich may seek summary dismissal of Plaintiff's age claim in the future.

ORDER GRANTING IN PART ST. FRANCIS HOSPITAL'S AND
DR. ALPEROVICH'S MOTIONS FOR SUMMARY JUDGMENT - 10

1082 (9th Cir. 2007) ("HIPAA itself does not provide for a private right of action") (citing 65 Fed. Reg. 82601 (Dec. 28, 2000)). Because HIPAA provides no private right of action, the Court GRANTS Defendants' requests for summary dismissal of Plaintiff's HIPAA claims.[5]

**H. Health Care Fraud**

Defendants seek summary dismissal of Plaintiff's claims under 18 U.S.C. § 1349 because that statute does not provide a private cause of action. Dkt. # 53 at 13-14; Dkt. # 55 at 10-11. The federal health care fraud statute imposes criminal penalties on persons who knowingly and willfully execute a scheme to defraud a health care benefit program, 18 U.S.C. § 1347, and 18 U.S.C. § 1349 imposes the same penalties on persons who attempt or conspire to commit health care fraud, id. § 1349. Because neither 18 U.S.C. § 1347 nor 18 U.S.C. § 1349 provides a private right of action, Plaintiff's claims of health care fraud fail as a matter of law.

**I. Defamation, Libel and Slander**

In both her second amended complaint and her third amended complaint, Plaintiff makes fleeting references to defamation, libel, and slander. Dkt. # 15 at 2, 4-5; Dkt. # 62 at 5. Defendants argue that the Court should decline to exercise supplemental jurisdiction over these claims after dismissal of Plaintiff's federal claims. See Dkt. # 53 at 14-15; Dkt. # 55 at 11-13.

In any civil action where a district court has original jurisdiction, the district court has supplemental jurisdiction over all other claims that form part of the same case or controversy. 28 U.S.C. § 1367(a). If the federal claims are dismissed before trial, the

---

[5]Plaintiff's arguments that she relies on HIPAA merely to establish the standard of care for Defendants' negligence, dkt. # 116 at 15; dkt. # 97 at 14, are not persuasive. Plaintiff has not asserted any negligence claims in this action (nor is it likely that she could successfully assert such claims because they would likely be barred by the doctrine of res judicata, which precludes litigation in a subsequent action of any claims that were raised or could have been raised in a prior action).

state law claims "should" be dismissed. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

As the Court noted earlier, Defendants have not yet sought dismissal of Plaintiff's claims under Titles II, VI, and XI of the Civil Rights Act. See Dkt. # 62; Dkt. # 50. Similarly, Dr. Alperovich has not moved for summary judgment on Plaintiff's Age Discrimination Act claim. Because the Court has not dismissed all claims over which it has original jurisdiction, the Court DENIES Defendants' requests for summary dismissal of Plaintiff's state law claims.

**J. Vicarious Liability**

Finally, St. Francis requests that the Court, in the event that any of Plaintiff's claims survive summary judgment, enter an order limiting St. Francis's potential liability to that based on vicarious liability for her claims against Dr. Alperovich. Dkt. # 53 at 6. In light of the allegations in Plaintiff's third amended complaint alleging claims against St. Francis based on theories of direct and vicarious liability, dkt. # 62 at 15, and St. Francis's failure to address those allegations, the Court DENIES St. Francis's request at this time. As the Court has noted elsewhere in its Order, St. Francis may file another motion seeking summary judgment on Plaintiff's claims that were not asserted until after it moved for summary judgment.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motions for summary judgment (Dkt. # 53, 55). Plaintiff's claims against St. Francis and Dr. Alperovich arising under 42 U.S.C. § 1983, 42 U.S.C. § 1985, the ADA, HIPAA, and 18 U.S.C. §§ 1347, 1349 are dismissed with prejudice.

Plaintiff's claim against St. Francis under the Age Discrimination Act of 1975 is dismissed with prejudice, but her age discrimination claim against Dr. Alperovich remains. Plaintiff's libel, slander, and defamation claims against Defendants remain, as do her claims arising under Titles II, VI, and XI of the Civil Rights Act.

DATED this 21st day of January, 2014.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART ST. FRANCIS HOSPITAL'S AND
DR. ALPEROVICH'S MOTIONS FOR SUMMARY JUDGMENT - 13