UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICIA A. GRANT,

    Plaintiff,

v.

CLAUDIO GABRIEL ALPEROVICH, et al.,

    Defendants.

Case No. C12-1045RSL

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR RELIEF UNDER RULE 60

This matter comes before the Court on "Plaintiff's Rule 7(h) Motion on Partial Summary Judgment for Defendant Michael K. Hori and Valley Medical Center" (Dkt. # 176) and "Plaintiff's Rule 60 Motion Partial Summary Judgment for Defendant Michael K. Hori" (Dkt. # 177). On December 10, 2013, the Court granted in part Defendant Michael Hori's motion for summary judgment, dismissing Plaintiff's claims against Dr. Hori arising under 42 U.S.C. § 1983, 42 U.S.C. § 1985, the ADA, the Age Discrimination Act of 1975, and HIPAA. Dkt. # 149 at 10. On January 3, 2014, the Court granted Plaintiff's motion for a 20-day continuance of the deadline for filing a motion for reconsideration. Dkt. # 168. Plaintiff has timely filed a motion for reconsideration of the Court's prior order, dkt. # 176, and a motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure ("Rule 60"), dkt. # 177.

Having reviewed Plaintiff's memoranda and supporting declarations, the Court finds as follows:

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
AND MOTION FOR RELIEF UNDER RULE 60 - 1

### A. Motion for Reconsideration

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiff has not met this burden. Instead, Plaintiff presents the same arguments that the Court previously considered when it granted in part Dr. Hori's motion for summary judgment. Plaintiff has not shown manifest error or the existence of new facts or legal authority. The motion for reconsideration (Dkt. # 176) is, therefore, DENIED.

### B. Rule 60 motion for relief

Plaintiff seeks relief under Rule 60(a), dkt. # 177 at 1, which allows the Court, on its own initiative or on a motion, to correct a clerical mistake in a judgment, order, or other part of the record. Fed. R. Civ. P. 60(a). The Court may make a correction under Rule 60(a) so long as the change is consistent with the Court's original intent. Harman v. Harper, 7 F.3d 1455, 1457 (9th Cir. 1993). Thus, "Rule 60(a). . . is limited to correcting errors arising from oversight or omission and cannot be used to correct more substantial errors, such as errors of law." Waggoner v. R. McGray, Inc., 743 F.2d 643, 644 (9th Cir. 1984). Plaintiff has not identified any clerical mistakes in the Court's prior order. Rather, Plaintiff disputes the Court's substantive rulings which cannot be corrected using Rule 60(a). Therefore, her request for relief under Rule 60(a) is DENIED.

Plaintiff also seeks relief under Rule 60(b)(1), (2), and (3). Dkt. # 177 at 1. Rule 60(b) provides that the Court may, following a motion and on just terms, relieve a party from a final judgment, order or proceeding based on, among other reasons, mistake or excusable neglect (Rule 60(b)(1)), newly discovered evidence (Rule 60(b)(2)), or fraud or misconduct by an opposing party (Rule 60(b)(3)).

1    The Court's review of Plaintiff's motion and the record in this case provides no
support for relief under Rule 60(b)(1), (2), or (3).  First, Plaintiff has not suggested that
the Court's order was due to excusable neglect or mistake as required for relief under
Rule 60(b)(1).  Like her motion for reconsideration under Local Civil Rule 7(h),
Plaintiff's motion for relief under Rule 60(b) presents the same arguments and concerns
raised in her opposition to Dr. Hori's motion for summary judgment.

Plaintiff's request for relief under Rule 60(b)(2) is equally unavailing.  Although
Plaintiff has provided additional declarations with exhibits attached, dkt. # 173; dkt. #
178, there is no indication that this evidence, with reasonable diligence, could not have
been discovered and presented to the Court earlier.  Even if Plaintiff had presented this
evidence in a timely manner, it would not alter the Court's earlier decision as it does not
raise a genuine issue of material fact sufficient to preclude summary dismissal of her
claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, the ADA, the Age Discrimination Act
of 1975, and HIPAA.

Finally, Plaintiff has not shown that Dr. Hori engaged in misconduct or made
misrepresentations warranting relief under Rule 60(b)(3).  Thus, Plaintiff's motion for
relief under Rule 60(b) is DENIED.

For all of the foregoing reasons, the Court DENIES Plaintiff's motion for
reconsideration (Dkt. # 176) and her motion for relief under Rule 60 (Dkt. # 177).

DATED this 23rd day of January, 2014.


                                                *Robert S. Lasnik*
                                                Robert S. Lasnik
                                                United States District Judge