UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICIA A. GRANT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CLAUDIO GABRIEL ALPEROVICH, *et al.*,<br><br>　　　　Defendants. | Case No.  C12-1045RSL<br><br>ORDER GRANTING DEFENDANT HORI'S SECOND MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on "Defendant Michael K. Hori M.D.'s Second Motion for Summary Judgment Dismissal." Dkt. # 156. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:[1]

## II. DISCUSSION

The background facts of this case are set forth in the Court's prior order granting in part Defendant Hori's motion for summary judgment, dkt. # 149, and will not be repeated here. Rather, this order will focus on facts relevant to Plaintiff's allegations that Dr. Hori's conduct violated Title II, Title VI, and Title XI of the Civil Rights Act and her state law claims of libel, slander, and defamation. Dkt. # 62 at 3. Plaintiff

---

[1] In the interest of resolving disputes on the merits, the Court has considered Plaintiff's untimely opposition to Defendant's motion. Dkt. # 208.

ORDER GRANTING DEFENDANT HORI'S
SECOND MOTION FOR SUMMARY JUDGMENT - 1

claims that Dr. Hori discriminated against her on the basis of race, disability, and age when he provided an infectious disease consultation in August 2009 to review her concerns following gastric bypass surgery.  The Court previously dismissed Plaintiff's claims against Dr. Hori arising under 42 U.S.C. § 1983, 42 U.S.C. § 1985, the Americans with Disabilities Act, the Age Discrimination Act of 1975, the Health Insurance Portability and Accountability Act of 1996, and 18 U.S.C. §§ 1347, 1349. Dkt. # 149.  Dr. Hori now moves for summary judgment on Plaintiff's remaining claims. Dkt. # 156.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the nonmoving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).  "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor."  Id.

ORDER GRANTING DEFENDANT HORI'S
SECOND MOTION FOR SUMMARY JUDGMENT - 2

**A.    42 U.S.C. § 2000a.**

Plaintiff claims that Dr. Hori violated Title II of the Civil Rights Act, which prohibits discrimination based on race, color, religion, or national origin in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation." 42 U.S.C. § 2000a(a). As an initial matter, Title II does not prohibit discrimination on the basis of age, gender, or disability. Thus, Plaintiff's claim is dismissed to the extent that it is based on any of those classifications.

With respect to Plaintiff's claim that Dr. Hori denied her "information, communication and discussion regarding her health," dkt. # 208 at 8, Plaintiff has not demonstrated that she was denied full and equal use and enjoyment of any services, advantages, or accommodations because of her race, color, religion, or national origin. Absent any supporting evidence, her conclusory assertions that Defendant "[s]ubjected her to inhumane treatment, humiliation, and lack of medical privacy," dkt. # 208 at 8, are insufficient to establish a genuine issue of material fact. Shakur v. Schriro, 514 F.3d 878, 890 (9th Cir. 2008). Even if the Court were to rely on Plaintiff's factual allegations, Plaintiff has not demonstrated that she was denied equal access to medical services or treatment because of her race or religion. Thus, Defendant Hori is entitled to summary judgment on Plaintiff's Title II claim.

**B.    42 U.S.C. § 2000d**

Title VI of the Civil Rights Act provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. A private individual may sue to enforce Title VI only in instances of intentional discrimination. Alexander v.

ORDER GRANTING DEFENDANT HORI'S
SECOND MOTION FOR SUMMARY JUDGMENT - 3

Sandoval, 532 U.S. 275, 281 (2001).  The entity involved must be engaged in intentional discrimination and be the recipient of federal funding.  Monteiro v. Tempe Union High School Dist., 158 F.3d 1022, 1026 (9th Cir. 1998).

According to Plaintiff, Dr. Hori accepts federal financial assistance and he denied her the benefit of communication and access to medical information when he provided a limited infectious disease consultation in August 2009.  See Dkt. # 208 at 10.  Plaintiff has not, however, come forward with admissible evidence that demonstrates intentional discrimination.  Even viewing the facts in a light most favorable to Plaintiff, "conclusory statements of bias do not carry the nonmoving party's burden in opposition to a motion for summary judgment."  Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).  Plaintiff has not created a genuine issue of material fact and therefore, the Court GRANTS Defendant's motion for summary judgment on Plaintiff's Title VI claim.

**C.    42 U.S.C. § 2000h**

In her third amended complaint, Plaintiff asserts a claim under Title XI of the Civil Rights Act.  Title XI, however, contains miscellaneous provisions related to, among other things, criminal contempt proceedings arising under the Civil Rights Act and preemption.  42 U.S.C. §§ 2000h, 2000h-4.  Plaintiff has not articulated or shown the existence of any facts involving criminal contempt.  Rather, she argues that summary judgment should not be granted before the close of discovery in civil rights cases.  Dkt. # 208 at 10-11.  Interpreting this statement as a request for a continuance under Fed. R. Civ. P. 56(d), the Court DENIES Plaintiff's request.  Plaintiff has not identified specific facts that discovery would reveal or explained how those facts would preclude summary judgment.  Therefore, she has failed to meet her burden in seeking a continuance under Rule 56(d) and dismissal is appropriate.  Tatum v. City & Cnty. of San Francisco, 441

ORDER GRANTING DEFENDANT HORI'S
SECOND MOTION FOR SUMMARY JUDGMENT - 4

F.3d 1090, 1100 (9th Cir. 2006); Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1996).

### D.     Plaintiff's State Law Claims

In a civil action where a district court has original jurisdiction, but the claims over which the federal court had original jurisdiction are abandoned or dismissed, the court "may decline to exercise supplemental jurisdiction" over the related state law claims."  28 U.S.C. § 1367(c).  The decision to retain or decline jurisdiction must be made in light of "the objectives of economy, convenience and fairness to the parties, and comity."  Trustees of Constr. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc., 333 F.3d 923, 925 (9th Cir. 2003).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Because the Court has dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over her state law claims.  Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction.") (internal quotation marks and citations omitted).  Plaintiff's defamation, libel, and slander claims are therefore dismissed without prejudice.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS Defendant Michael Hori's second motion for summary judgment (Dkt. # 156).

DATED this 25th day of March, 2014.

*(signature)*
Robert S. Lasnik
United States District Judge