UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICIA A. GRANT,<br><br>    Plaintiff,<br><br>  v.<br><br>CLAUDIO GABRIEL ALPEROVICH, *et al.*,<br><br>    Defendants. | Case No.  C12-1045RSL<br><br>ORDER GRANTING DEFENDANT ALPEROVICH'S SECOND MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on "Defendant Alperovich's Second Motion for Summary Judgment." Dkt. # 192. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court GRANTS Defendant's motion.[1]

## II. DISCUSSION

The background facts of this case are set forth in the Court's prior order granting in part Defendant St. Francis Hospital's and Claudio Alperovich's motions for summary judgment, dkt. # 181, and will not be repeated here. Rather, this order will focus on facts relevant to Plaintiff's allegations that Dr. Alperovich's conduct violated Title II, Title VI, and Title XI of the Civil Rights Act of 1964, and the Age Discrimination Act

---

[1] Plaintiff's motion to strike Defendant's reply as untimely is DENIED. Dkt. # 208. Defendant's motion was properly noted for consideration no earlier than the fourth Friday after the date on which it was filed. Dkt. # 192; LCR 7(d)(3). Defendant filed his reply one day before the deadline set by this Court's local rules. Dkt. # 212; LCR 7(d)(3).

ORDER GRANTING DEFENDANT ALPEROVICH'S
SECOND MOTION FOR SUMMARY JUDGMENT - 1

1  of 1975, and her claims that he committed libel, slander, and defamation during the
2  course of his treatment of Plaintiff.  Dkt. # 62 at 3.  Plaintiff alleges that Dr. Alperovich
3  discriminated against her on the basis of race, gender, disability, and age during her
4  recovery from gastric bypass surgery in the summer of 2009.  The Court previously
5  dismissed Plaintiff's claims against Dr. Alperovich arising under 42 U.S.C. § 1983, 42
6  U.S.C. § 1985, the Americans with Disabilities Act, the Health Insurance Portability and
7  Accountability Act of 1996, and 18 U.S.C. §§ 1347, 1349.  Dkt. # 149.  Dr. Alperovich
   now moves for summary judgment on Plaintiff's remaining claims.  Dkt. # 192.
8
           Summary judgment is appropriate when, viewing the facts in the light most
9  favorable to the nonmoving party, the records show that "there is no genuine dispute as
10 to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.
11 Civ. P. 56(a).  Once the moving party has satisfied its burden, it is entitled to summary
12 judgment if the nonmoving party fails to designate, by affidavits, depositions, answers
13 to interrogatories, or admissions on file, "specific facts showing that there is a genuine
14 issue for trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

15         All reasonable inferences supported by the evidence are to be drawn in favor of
16 the nonmoving party.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061
17 (9th Cir. 2002).  "[I]f a rational trier of fact might resolve the issues in favor of the
18 nonmoving party, summary judgment must be denied."  T.W. Elec. Serv., Inc. v. Pac.
19 Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).  "The mere existence of a
20 scintilla of evidence in support of the non-moving party's position is not sufficient."
21 Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).  "[S]ummary
22 judgment should be granted where the nonmoving party fails to offer evidence from
23 which a reasonable jury could return a verdict in its favor."  Id.

24

25

26 ORDER GRANTING DEFENDANT ALPEROVICH'S
   SECOND MOTION FOR SUMMARY JUDGMENT - 2

**A.     42 U.S.C. § 2000a.**

Plaintiff claims that Dr. Alperovich violated Title II of the Civil Rights Act, which prohibits discrimination based on race, color, religion, or national origin in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation." 42 U.S.C. § 2000a(a). As an initial matter, Title II does not prohibit discrimination on the basis of age, gender, or disability. Thus, Plaintiff's claim is dismissed to the extent that it is based on any of those classifications.

In opposition to Dr. Alperovich's motion, Plaintiff asserts that Dr. Alperovich's request for an infectious disease consultation violated 42 U.S.C. § 2000a. See Dkt. # 198 at 10-11. However, beyond her argument that "President Obama has established racial disparity and medical treatment for minorities," Plaintiff does not suggest that she was discriminated against on the basis of her race, national origin, or religion. Id. at 10. "[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment." Nelson v. Pima Cmty. Coll., 83 F.3d 1075, 1081-82 (9th Cir. 1996).

Furthermore, a private individual may only obtain injunctive relief under Title II; Title II does not authorize a claim for money damages. 42 U.S.C. § 2000a-3; see also Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002). A plaintiff seeking injunctive relief based on an alleged past wrong must demonstrate a "real and immediate threat of repeated injury." City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983). Plaintiff has not shown an immediate threat that she will suffer the same injury in the future. Thus, Defendant Alperovich is entitled to summary judgment on Plaintiff's Title II claim.

**B.      42 U.S.C. § 2000d**

Title VI of the Civil Rights Act provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.  A private individual may sue to enforce Title VI only in instances of intentional discrimination. Alexander v. Sandoval, 532 U.S. 275, 281 (2001).  The entity involved must be engaged in intentional discrimination and be the recipient of federal funding. Monteiro v. Tempe Union High School Dist., 158 F.3d 1022, 1026 (9th Cir. 1998).

Plaintiff has not presented admissible evidence that demonstrates intentional discrimination.  Even viewing the facts in a light most favorable to Plaintiff, "conclusory statements of bias do not carry the nonmoving party's burden in opposition to a motion for summary judgment." Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir, 2005).  Plaintiff has not created a genuine issue of material fact and therefore, the Court GRANTS Defendant's motion for summary judgment on Plaintiff's Title VI claim.

**C.      42 U.S.C. § 2000h**

In her third amended complaint, Plaintiff asserts a claim under Title XI of the Civil Rights Act.  Title XI, however, contains miscellaneous provisions related to, among other things, criminal contempt proceedings arising under the Civil Rights Act and preemption. 42 U.S.C. §§ 2000h, 2000h-4.  Plaintiff has not articulated or shown the existence of any facts supporting a claim under Title XI.  Defendant's motion for summary judgment on this claim is therefore GRANTED.

### D. Age Discrimination Act of 1975

Plaintiff claims that Dr. Alperovich's treatment violated the Age Discrimination Act of 1975 (the "Act"), which prohibits "discrimination on the basis of age in programs or activities receiving Federal financial assistance." 42 U.S.C. § 6101. Before an individual may file a complaint in district court alleging a violation of the Act, the individual must exhaust her administrative remedies by filing a complaint with the appropriate administrative agency within 180 days from the date she becomes aware of the alleged discrimination. E.g., 45 C.F.R. § 91.41; 34 C.F.R. § 110.31.

Here, Plaintiff submitted a complaint to the Department of Health and Human Services ("HHS") on April 25, 2012. Dkt. # 98-2 at 11, 13. As HHS informed Plaintiff, her complaint was not timely because she submitted it more than two years after the alleged discrimination occurred. Id. at 13. Plaintiff failed to exhaust her administrative remedies before filing her age discrimination claim. Thus, Defendant is entitled to summary dismissal of this claim.

### E. Plaintiff's State Law Claims

In a civil action where a district court has original jurisdiction, but the claims over which the federal court had original jurisdiction are abandoned or dismissed, the court "may decline to exercise supplemental jurisdiction" over the related state law claims." 28 U.S.C. § 1367(c). The decision to retain or decline jurisdiction must be made in light of "the objectives of economy, convenience and fairness to the parties, and comity." Trustees of Constr. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc., 333 F.3d 923, 925 (9th Cir. 2003). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

ORDER GRANTING DEFENDANT ALPEROVICH'S
SECOND MOTION FOR SUMMARY JUDGMENT - 5

Because the Court has dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over her state law claims. Parra v. PacifiCare of Ariz. Inc., 715 F.3d 1146, 1156 (9th Cir. 2013) ("once the district court, at an early stage of the litigation, dismissed the only claim over which it had original jurisdiction, it did not abuse its discretion in also dismissing the remaining claims.").

**F.     Other Claims**

In her opposition to Defendant's motion, Plaintiff argues that there is sufficient evidence that a "meeting of the minds" occurred between Dr. Alperovich and other doctors to support her Section 1983 and Section 1985 claims. Dkt. # 198 at 8-9, 10-11. She lists several categories of information about which she seeks to conduct discovery, claiming that the facts she uncovers will support her civil rights claims. Id. at 9-10. To the extent Plaintiff seeks to delay the Court's ruling on her claims under Section 1983, Section 1985, and the Americans with Disabilities Act, these arguments are misplaced as those claims were dismissed in January 2014. Dkt. # 181. To the extent she seeks to continue summary judgment under Fed. R. Civ. P. 56(d), Plaintiff fails to demonstrate the existence of specific information which would defeat summary judgment. Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008) (To obtain relief under Rule 56(d) a party "must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment."). Plaintiff's request for a continuance to conduct discovery is DENIED.[2]

---

[2] Plaintiff also identifies questions about other defendants that she seeks to answer during discovery. Dkt. # 198 at 11-12. Because these facts are not essential to oppose Dr. Alperovich's motion for summary judgment, these arguments do not support a continuance under Fed. R. Civ. P. 56(d).

ORDER GRANTING DEFENDANT ALPEROVICH'S
SECOND MOTION FOR SUMMARY JUDGMENT - 6

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS Defendant Claudio Alperovich's second motion for summary judgment (Dkt. # 192).

DATED this 25th day of March, 2014.

Robert S. Lasnik
United States District Judge