UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICIA A. GRANT,

    Plaintiff,

v.

CLAUDIO GABRIEL ALPEROVICH, *et al.*,

    Defendants.

Case No. C12-1045RSL

ORDER GRANTING DEFENDANT ST. FRANCIS HOSPITAL'S SECOND MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on "Defendant St. Francis Hospital - Franciscan Health System's Second Motion for Summary Judgment of Dismissal as to Plaintiff's New Claims within the Third Amended Complaint." Dkt. # 196. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court GRANTS Defendant's motion.[1]

---

[1] Contrary to Plaintiff's assertion, dkt. # 216, Defendant's reply memorandum was timely, dkt. # 213. Defendant's motion was properly noted for consideration no earlier than the fourth Friday after the date on which it was filed, dkt. # 196; LCR 7(d)(3), and defendant filed its reply one day before the noting date. Dkt. # 213; LCR 7(d)(3). Plaintiff's motion to strike, dkt. # 216, is therefore DENIED.

ORDER GRANTING DEFENDANT ST. FRANCIS HOSPITAL'S
SECOND MOTION FOR SUMMARY JUDGMENT - 1

## II. DISCUSSION

The background facts of this case are set forth in the Court's prior order granting in part Defendant St. Francis Hospital's and Claudio Alperovich's motions for summary judgment, dkt. # 181, and will not be repeated here.  Rather, this order will focus on facts relevant to Plaintiff's allegations that St. Francis Hospital violated Title II, Title VI, and Title XI of the Civil Rights Act of 1964 and committed libel, slander, and defamation.  Dkt. # 62 at 3.  The Court previously dismissed Plaintiff's claims against St. Francis Hospital arising under 42 U.S.C. § 1983, 42 U.S.C. § 1985, the Americans with Disabilities Act, the Age Discrimination Act of 1975, the Health Insurance Portability and Accountability Act of 1996, and 18 U.S.C. §§ 1347, 1349.  Dkt. # 181.  St. Francis Hospital now moves for summary judgment on Plaintiff's remaining claims.  Dkt. # 196.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the nonmoving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient."  Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).  "[S]ummary judgment should be granted

ORDER GRANTING DEFENDANT ST. FRANCIS HOSPITAL'S
SECOND MOTION FOR SUMMARY JUDGMENT - 2

where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Id.

**A.     Plaintiff's Request for a Continuance**

Plaintiff seeks a continuance to conduct discovery under Fed. R. Civ. P. 56(d). See Dkt. # 200 at 6-7.  Among her arguments supporting this request, Plaintiff contends that "[r]acial disparity in a civil rights claim, such as mental health discrimination is an understudied topic [and] discovery is imperative." Id. at 6.  She seeks to conduct "disparity studies to support her claims." Id.  These general statements, however, are insufficient to satisfy the requirements for a continuance under Fed. R. Civ. P. 56(d). Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008) (To obtain relief under Rule 56(d) a party "must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment."). Plaintiff's request for a continuance under Fed. R. Civ. P. 56(d) is DENIED.

**B.     Claims under the Civil Rights Act of 1964**

Plaintiff asserts claims arising under Title II, Title VI, and Title XI of the Civil Rights Act of 1964.  Dkt. # 62 at 3.  Title II prohibits discrimination based on race, color, religion, or national origin in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation." 42 U.S.C. § 2000a(a).  A private individual may only obtain injunctive relief under Title II; Title II does not authorize a claim for money damages. 42 U.S.C. § 2000a-3; see also Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002).  A plaintiff seeking injunctive relief based on an alleged past wrong must demonstrate a "real and immediate threat of repeated injury." City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983).

ORDER GRANTING DEFENDANT ST. FRANCIS HOSPITAL'S
SECOND MOTION FOR SUMMARY JUDGMENT - 3

Title VI of the Civil Rights Act provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. A private individual may sue to enforce Title VI only in instances of intentional discrimination. Alexander v. Sandoval, 532 U.S. 275, 281 (2001). The entity involved must be engaged in intentional discrimination and be the recipient of federal funding. Monteiro v. Tempe Union High School Dist., 158 F.3d 1022, 1026 (9th Cir. 1998).

Plaintiff contends that "[t]he Parity Act has established a disparity in pay for mental health patient, mental health research and racial and medical treatment disparity and medical treatment minorities (Blacks are racial minorities)." Dkt. # 200 at 7. Even if the Court were to assume the truth of that statement, "conclusory statements of bias do not carry the nonmoving party's burden in opposition to a motion for summary judgment." Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). Plaintiff has not presented admissible evidence that demonstrates discrimination, let alone intentional discrimination under Title VI. The medical records and declarations outlining her recovery from gastric bypass surgery do not create a triable issue of fact regarding whether she was discriminated against on the basis of race, color, religion, or national origin. See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations."). Furthermore, Plaintiff has not demonstrated a real and immediate threat of repetition entitling her to injunctive relief under Title II. See Lyons, 461 U.S. at 101-02.

Turning to Plaintiff's Title XI claim, the Court finds that Plaintiff has not articulated or shown the existence of any facts supporting a claim under Title XI. Title

ORDER GRANTING DEFENDANT ST. FRANCIS HOSPITAL'S
SECOND MOTION FOR SUMMARY JUDGMENT - 4

XI contains miscellaneous provisions related to, among other things, criminal contempt proceedings arising under the Civil Rights Act and preemption. 42 U.S.C. §§ 2000h, 2000h-4. There is nothing in the record supporting a claim under any of the miscellaneous provisions of Title XI. Because no reasonable jury could find in Plaintiff's favor, under either a theory of direct liability or respondeat superior,[2] St. Francis Hospital is entitled to summary dismissal of Plaintiff's claims under Title II, Title VI, and Title XI of the Civil Rights Act.

**D.     Plaintiff's State Law Claims**

In a civil action where a district court has original jurisdiction, but the claims over which the federal court had original jurisdiction are abandoned or dismissed, the court "may decline to exercise supplemental jurisdiction" over the related state law claims." 28 U.S.C. § 1367(c). The decision to retain or decline jurisdiction must be made in light of "the objectives of economy, convenience and fairness to the parties, and comity." Trustees of Constr. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc., 333 F.3d 923, 925 (9th Cir. 2003). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Because the Court has dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over her state law claims. Parra v.

---

[2] "Respondeat superior is a common law principle of secondary liability and generally summarizes the doctrine that a master or other principal is responsible, under certain conditions, for the conduct of a servant or other agent." Hollinger v. Titan Capital Corp., 914 F.2d 1564, 1577 n.28 (9th Cir. 1990) (internal quotation marks and citation omitted). Plaintiff's claim that St. Francis Hospital should be held vicariously liable for Dr. Alperovich's alleged misconduct cannot survive summary judgment. The Court has dismissed Plaintiff's claims against Dr. Alperovich, dkt. # 181; dkt. # 222, and Plaintiff has not demonstrated that a principal-agent relationship existed between Dr. Alperovich and St. Francis Hospital at the time of the alleged discrimination.

ORDER GRANTING DEFENDANT ST. FRANCIS HOSPITAL'S
SECOND MOTION FOR SUMMARY JUDGMENT - 5

PacifiCare of Ariz. Inc., 715 F.3d 1146, 1156 (9th Cir. 2013) ("once the district court, at an early stage of the litigation, dismissed the only claim over which it had original jurisdiction, it did not abuse its discretion in also dismissing the remaining claims.").

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS Defendant St. Francis Hospital's second motion for summary judgment (Dkt. # 196).

DATED this 27th day of March, 2014.

                                  Robert S. Lasnik
                                  United States District Judge