1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

12

PATRICIA A. GRANT,

                    Plaintiff,

          v.

CLAUDIO GABRIEL ALPEROVICH, *et al.*,

                    Defendants.

Case No.  C12-1045RSL

ORDER GRANTING
DEFENDANT PULLING'S
MOTION FOR SUMMARY
JUDGMENT

13

14

## I.  INTRODUCTION

15

16

17

18

19

20

21

22

23

24

25

        This matter comes before the Court on "Defendant Michele Pulling, M.D.'s Motion for Summary Judgment."  Dkt. # 201.  Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact that would preclude the entry of judgment as a matter of law.  L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012).  The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and identifying those portions of the materials in the record that show the absence of a genuine issue of material fact, Fed. R. Civ. P. 56(c)(1).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to identify specific factual disputes that must be resolved at trial.  Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1059 (9th Cir. 2012).  The mere

26

ORDER GRANTING DEFENDANT PULLING'S
MOTION FOR SUMMARY JUDGMENT - 1

existence of a scintilla of evidence in support of the non-moving party's position will not preclude summary judgment, however, unless a reasonable jury viewing the evidence in the light most favorable to the non-moving party could return a verdict in its favor.  United States v. Arango, 670 F.3d 988, 992 (9th Cir. 2012).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

## II.  DISCUSSION

### A.    Background Facts

In June 2009, Plaintiff underwent gastric bypass surgery without complication at St. Francis Hospital in Federal Way, Washington.  Dkt. # 3-1 at 10.  Shortly after surgery, she was treated for an esophageal yeast infection with two prescription antifungal medications.  Id. at 6.  During the months following surgery, Plaintiff saw several doctors and was hospitalized for concerns related to dehydration, id., nausea, and vomiting, id. at 10.  An endoscopy in July 2009 revealed a hernia, but no evidence of an oral yeast infection.  Dkt. # 3-1 at 7.

In October 2009, Dr. Michele Pulling prescribed an antidepressant for Plaintiff to reduce the spasms in her esophagus to help it heal.  See Dkt. # 3-2 at 6, 9.  Plaintiff contends that Dr. Pulling misrepresented the purpose of the medication.  Specifically, she claims that Dr. Pulling told her the medicine would relax her throat muscles, even though, according to Plaintiff, Dr. Pulling merely wanted Plaintiff to take an antidepressant.  Dkt. # 62 at 10-11.  Plaintiff alleges that Dr. Pulling's conduct violated (1) Title II and Title III of the Americans with Disabilities Act ("ADA"); (2) Title II, Title VI, and Title XI of the Civil Rights Act of 1964; (3) the Age Discrimination Act of 1975; and (4) the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  Id. at 3-4.  Under the liberal pleading standard afforded pro se plaintiffs, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Plaintiff's third amended complaint also

ORDER GRANTING DEFENDANT PULLING'S
MOTION FOR SUMMARY JUDGMENT - 2

appears to assert claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and claims of libel, slander, defamation, and health care fraud.  Dkt. # 62.

**B.    Plaintiff's Request for Continuance**

As a preliminary matter, Plaintiff presents a vague request to deny Defendant's motion or delay ruling on it so that she may have an opportunity to conduct discovery related to her claims.  See Dkt. # 204 at 5, 12.  Rule 56(d) allows a party opposing a motion for summary judgment to request a continuance to conduct additional discovery to support her opposition.  Fed. R. Civ. P. 56(d).  However, "[a] party requesting a continuance pursuant to Rule 56([d]) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."  Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).  "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists and that it would prevent summary judgment."  Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1996) (internal citations omitted).  Plaintiff has not met this burden.

Plaintiff's request to conduct discovery does not identify the particular facts she seeks to uncover, whether the information exists, or whether the facts would be sufficient to defeat summary judgment.  For example, Plaintiff asserts generally that she "has a right to get answers through legal discovery investigations and depositions from this State Agent acting in her duty."  Dkt. # 204 at 5.  Similarly, she argues that "[s]ummary judgment should not ordinarily be granted before the completion of discovery, especially in cases involving constitutional and civil rights claims."  Id. at 12.  These statements are insufficient to satisfy her burden under Fed. R. Civ. P. 56(d) and therefore, her request for a continuance is DENIED.

ORDER GRANTING DEFENDANT PULLING'S
MOTION FOR SUMMARY JUDGMENT - 3

## C.    Claims Under the Civil Rights Act of 1964

### 1.  42 U.S.C. § 1983

To establish a §1983 claim Plaintiff must show (1) the deprivation of a right protected by the Constitution or a federal statute, and (2) that the deprivation was committed by a person acting under color of state law.  <u>Chudacoff v. Univ. Med. Center of S. Nevada</u>, 649 F.3d 1143, 1149 (9th Cir. 2011).  Dr. Pulling contends that Plaintiff cannot satisfy the first element of a § 1983 claim.  Dkt. # 201 at 11.  The Court agrees.

Although Plaintiff alleges the denial of several rights protected by federal statutes and the U.S. Constitution, <u>e.g.</u>, dkt. # 204 at 4-5, she fails to present admissible evidence supporting these claims.  Even if the Court assumes that Dr. Pulling was acting under the color of state law at the time she prescribed the antidepressant to Plaintiff, Plaintiff's unsupported allegations of wrongdoing are insufficient to survive summary judgment. <u>See</u> <u>Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

### 2.  42 U.S.C. § 1985

Dr. Pulling also argues that there is no evidence that she was involved in a conspiracy to deprive Plaintiff of a federal right, and therefore she is entitled to summary judgment on Plaintiff's § 1985 claim.  Dkt. # 54 at 7.  To succeed on a claim under 42 U.S.C. § 1985(3), Plaintiff must prove (1) conspiracy, (2) for the purpose of depriving her of the equal protection of the laws or equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) an injury to her or her property or a deprivation of any right or privilege of a citizen of the United States. <u>Sever v. Alaska Pulp Corp.</u>, 978 F.2d 1529, 1536 (9th Cir. 1992).

ORDER GRANTING DEFENDANT PULLING'S
MOTION FOR SUMMARY JUDGMENT - 4

Plaintiff argues Dr. Pulling "worked with others developing deceptive medical treatment . . . therefore, establishing a meeting of the mind (sic) between Defendant and other doctors." Dkt. # 204 at 11. However, Plaintiff has not presented any admissible evidence suggesting a meeting of the minds, much less an agreement to violate Plaintiff's constitutional rights. Furthermore, the record is completely devoid of any hint that Defendant's prescription of medication was motivated by racial or other class-based discriminatory animus. Sever, 978 F.2d at 1536. Plaintiff's failure to point to any facts probative of a conspiracy or discriminatory animus entitles Defendant to summary judgment.

### 3.  42 U.S.C. § 2000a.

Plaintiff alleges that Dr. Pulling violated Title II of the Civil Rights Act, which provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). As an initial matter, Title II does not prohibit discrimination on the basis of age, gender, or disability. Thus, Plaintiff's claim is dismissed to the extent that it is based on those classifications.

With respect to Plaintiff's claim that Dr. Pulling denied her equal enjoyment of medical care based on her race, Plaintiff has not made the requisite showing. Plaintiff argues generally that Dr. Pulling, among others, "[s]ubjected Plaintiff to inhumane treatment, humiliation, and lack of medical privacy." Dkt. # 204 at 10. Even if the Court assumes the truth of these factual allegations, Plaintiff still has not shown that Dr. Pulling treated her differently because of her race, color, religion, or national origin. Dr.

ORDER GRANTING DEFENDANT PULLING'S
MOTION FOR SUMMARY JUDGMENT - 5

Pulling's motion for summary judgment on Plaintiff's Title II claim is therefore GRANTED.

### 4.  42 U.S.C. § 2000d

Title VI of the Civil Rights Act provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.  A private individual may sue to enforce Title VI only in instances of intentional discrimination.  Alexander v. Sandoval, 532 U.S. 275, 281 (2001).

Plaintiff's claim under Title VI, like her claim under Title II, cannot survive summary judgment because she has failed to present evidence that Dr. Pulling's treatment was racially motivated.  Plaintiff's allegations of intentional discrimination on the basis of her race may be sufficient to survive a motion to dismiss.  However, on a motion for summary judgment, bare allegations unsupported by legally competent evidence do not create a genuine issue of material fact.  See British Airways Bd. v. Boeing Co., 585 F.2d 946, 953-54 (9th Cir. 1978) (supposition, speculation, and conclusory arguments without evidence are insufficient to create a genuine issue of material fact).  Plaintiff has not presented evidence that creates a genuine issue of material fact and therefore, Dr. Pulling's motion for summary judgment on Plaintiff's Title VI claim is GRANTED.

### 5.  42 U.S.C. § 2000h

In her third amended complaint, Plaintiff asserts a claim under Title XI of the Civil Rights Act.  Title XI, however, contains miscellaneous provisions related to, among other things, criminal contempt proceedings arising under the Civil Rights Act and preemption.  42 U.S.C. §§ 2000h, 2000h-4.  Plaintiff has not articulated or shown

ORDER GRANTING DEFENDANT PULLING'S
MOTION FOR SUMMARY JUDGMENT - 6

the existence of any facts supporting a claim under Title XI and thus, the Court finds dismissal of Plaintiff's Title XI claim warranted.

**D.     Americans with Disabilities Act**

Plaintiff alleges that Defendant denied her medical treatment and communication on the basis of her mental health disability in violation of Titles II and III of the ADA. Dkt. # 62 at 3; Dkt. # 204 at 11.  Defendant argues that there is no evidence that Plaintiff was denied medical treatment, access to medical facilities, or an accommodation, or that any such denial was based on a disability.  Dkt. # 204 at 7-8.  The Court agrees.

Title II of the ADA prohibits discrimination in programs offered by a public entity and discrimination by any such entity.  42 U.S.C. § 12132 ("no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.").  To succeed on a claim under Title II, Plaintiff must demonstrate that (1) she is a qualified individual with a disability, (2) she was excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity, and (3) the exclusion, denial of benefits, or discrimination was by reason of her disability.  Weinrich v. L.A. Cnty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).

Similarly, Title III prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  To establish a prima facie case of discrimination under Title III, Plaintiff must show (1) she has a disability, (2) Defendant is a private entity that owns, leases, or operates a place of

ORDER GRANTING DEFENDANT PULLING'S
MOTION FOR SUMMARY JUDGMENT - 7

public accommodation, and (3) she was denied public accommodations by Defendant because of her disability.  Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).

Assuming that Plaintiff is a qualified individual with a disability, Plaintiff has not shown that she was denied the benefits of a public entity's services (Title II) or public accommodations by a private entity (Title III) by reason of her disability.  Although somewhat unclear, Plaintiff's claim appears to be premised on Defendant's alleged misrepresentation of the medication she prescribed for Plaintiff in October 2009.  Dkt. # 204 at 5.  Plaintiff claims that Dr. Pulling falsely stated that the antidepressant she prescribed was a "smooth throat muscle[] relaxant[]."  Id.

To the extent Plaintiff's claim is based on her disagreement with Dr. Pulling's treatment decision, the Court finds that this claim fails as a matter of law.  Several courts have distinguished between ADA claims based on inadequate care and claims based on discriminatory medical care.  Burger v. Bloomberg, 418 F.3d 882, 883 (8th Cir. 2005) ("a lawsuit under the Rehab Act or the Americans with Disabilities Act (ADA) cannot be based on medical treatment decisions."); Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134 (10th Cir. 2005) ("These are the sort of purely medical decisions that we have held do not ordinarily fall within the scope of the ADA or the Rehabilitation Act."); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

With respect to Plaintiff's claim that Dr. Pulling failed to communicate with her about her treatment, Plaintiff has failed to raise a genuine issue of material fact precluding summary judgment.  There is nothing in the record suggesting that Dr. Pulling actually misrepresented the treatment purposes of the prescription.  In fact, the evidence submitted by Plaintiff indicates that the antidepressant prescribed may reduce spasms in certain circumstances and therefore, act as a muscle relaxant.  See Dkt. # 3-2

ORDER GRANTING DEFENDANT PULLING'S
MOTION FOR SUMMARY JUDGMENT - 8

at 9.  Furthermore, Plaintiff has not presented evidence that Dr. Pulling's decision to prescribe a particular medication was based on Plaintiff's alleged disability.  Absent evidence that Dr. Pulling denied Plaintiff services or accommodations based on a disability, the Court finds summary dismissal of Plaintiff's ADA claim warranted.

**E.     Age Discrimination Act of 1975**

Plaintiff claims that Dr. Pulling's treatment violated the Age Discrimination Act of 1975 (the "Act"), which prohibits "discrimination on the basis of age in programs or activities receiving Federal financial assistance."  42 U.S.C. § 6101.  Before an individual may file a complaint in district court alleging a violation of the Act, the individual must exhaust her administrative remedies by filing a complaint with the appropriate administrative agency within 180 days from the date she becomes aware of the alleged discrimination.  E.g., 45 C.F.R. § 91.41; 34 C.F.R. § 110.31.

Here, Plaintiff submitted a complaint to the Department of Health and Human Services ("HHS") on April 25, 2012.  Dkt. # 98-2 at 11, 13.  As HHS informed Plaintiff, her complaint was not timely because she submitted it more than two years after the alleged discrimination occurred.  Id. at 13.  Plaintiff failed to exhaust her administrative remedies before filing her age discrimination claim.  Thus, Defendant is entitled to summary dismissal of this claim.

**F.     HIPAA**

Dr. Pulling argues that Plaintiff's HIPAA claim must be dismissed because HIPAA does not provide a cause of action for a private litigant.  Dkt. # 201 at 10-11.  The Court agrees.  Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) ("HIPAA itself does not provide for a private right of action") (citing 65 Fed. Reg. 82601 (Dec. 28, 2000)).  Because HIPAA provides no private right of action, the

Court GRANTS Defendant's motion for summary dismissal of Plaintiff's HIPAA claim.[1]

## G.    Health Care Fraud

Defendant moves for summary judgment on Plaintiff's claim under 18 U.S.C. § 1349 because that statute does not provide a private cause of action.  Dkt. # 201 at 11. The federal health care fraud statute imposes criminal penalties on persons who knowingly and willfully execute a scheme to defraud a health care benefit program, 18 U.S.C. § 1347, and it imposes the same penalties on persons who attempt or conspire to commit health care fraud, id. § 1349.  Because neither 18 U.S.C. § 1347 nor 18 U.S.C. § 1349 provides a private right of action, Plaintiff's claim that Dr. Pulling committed health care fraud fails as a matter of law.

## H.    Defamation, Libel and Slander

In a civil action where a district court has original jurisdiction, but the claims over which the federal court had original jurisdiction are abandoned or dismissed, the court "may decline to exercise supplemental jurisdiction" over the related state law claims."  28 U.S.C. § 1367(c).  The decision to retain or decline jurisdiction must be made in light of "the objectives of economy, convenience and fairness to the parties, and comity."  Trustees of Constr. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc., 333 F.3d 923, 925 (9th Cir. 2003).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

---

[1]  Plaintiff's argument that she relies on HIPAA merely to establish the standard of care for Defendant's negligence, dkt. # 204 at 13, is not persuasive.  Plaintiff has not asserted any negligence claims in this action (nor is it likely that she could successfully assert such a claim because it would likely be barred by the doctrine of res judicata, which precludes litigation in a subsequent action of any claims that were raised or could have been raised in a prior action).

ORDER GRANTING DEFENDANT PULLING'S
MOTION FOR SUMMARY JUDGMENT - 10

Because the Court has dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over her state law claims.  Parra v. PacifiCare of Ariz. Inc., 715 F.3d 1146, 1156 (9th Cir. 2013) ("once the district court, at an early stage of the litigation, dismissed the only claim over which it had original jurisdiction, it did not abuse its discretion in also dismissing the remaining claims.").

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment (Dkt. # 201).  The Clerk of Court is directed to enter judgment against Plaintiff and in favor of Defendants.

DATED this 1st day of April, 2014.

*MKS Lasnik*

Robert S. Lasnik
United States District Judge